THE STATE OF IOWA, Appellee, v. LOUIS CHRISTOPHER, Appellant.

**Criminal law:** RAPE: EVIDENCE: CORROBORATION. The testimony of
1    the injured female under fifteen years of age, if convincing, is sufficient on a charge of rape to show the intercourse and the circumstances under which it was committed; but to convict the defendant there must be other evidence corroborating that of the female which tends to connect the defendant with the crime.

**Same:** INSTRUCTIONS: REFERENCE TO PROSECUTING WITNESS. Where
2    the female upon whom an alleged rape was committed appeared for the state and gave convincing testimony upon the trial, a reference to her in the instructions as the prosecuting witness, used in the sense of indicating to the jury that she was the one alleged to have been injured, was not erroneous because giving her a prominence

and standing in the trial not warranted by the record, although her name was not indorsed on the indictment as the prosecuting witness.

**Same:** INSTRUCTIONS: RAPE: REPEATED USE OF TERM. Frequent use
3 of the term rape by the court in its instructions, referring to the crime for which defendant was on trial, the use of which was necessary in connection with the subject treated, was not prejudicial, as there is no other name by which the crime is known to the law.

**Same:** RAPE: SUBMISSION OF INCLUDED OFFENSE. Where defendant
4 was charged with rape upon a female under the age of fifteen years, and the female testified that all that was done was with her consent, submission of the crime of assault with intent to commit rape, an included offense, was proper.

*Appeal from Dubuque District Court.*—HON. ROBERT BONSON, Judge.

TUESDAY, OCTOBER 20, 1914.

DEFENDANT was indicted on the charge of rape, committed on a child under the age of fifteen years. Upon a conviction, defendant appeals. *Affirmed.*

*Liston McMillen,* for appellant.

*Geo. Cosson,* Attorney General, *John Fletcher,* Assistant Attorney General, and *P. J. Nelson,* County Attorney, for the State.

GAYNOR, J.—The defendant was indicted, charged with having committed the crime of rape upon one Marcella Fuhrman, a female child under fifteen years of age. Upon this charge, the defendant was tried to a jury and convicted and sentenced to the penitentiary, as provided by the statute. The defendant, having appealed, challenges the sufficiency of the evidence to justify the conviction, and complains of the instructions given by the court to the jury upon the trial. The defendant pleaded not guilty to the indictment, denied having any intercourse with the girl, alleging that he was impotent and incapable of having connection.

. We have examined the evidence carefully. The record is brief, and we are satisfied that the evidence is sufficient to justify conviction. It is of such a character that it leads the mind, without hesitation, to a firm and abiding conviction that the defendant was not only guilty of this offense, but of others of like character. The girl, Marcella Fuhrman, on whom it is claimed the offense was committed, testified for the state, and from her testimony it is made to appear that he not only had intercourse with her at the time charged, but at several times prior thereto, and from the testimony of five or six other little girls who visited his home at the time, and prior to the time, of the commission of this offense, it appears that he was of a very amorous nature.

It appears that the defendant was a colored man, fifty-four years of age; that he resided in Dubuque; that little girls ranging from thirteen to fourteen years of age frequently visited his home, among whom was Marcella; that in his home he furnished beer; that they drank beer together, the defendant and these little girls; that they danced in his rooms; that often he was clothed only in his night robes; that these little girls stayed at his home often until 2 or 3 o'clock; that some of them stayed all night, and that in one instance two of these little girls under fifteen years of age slept with defendant; that he solicited these other little girls to have intercourse with him; that they claimed they refused; that he indulged frequently in disgusting familiarity with these children in his home.

It is well settled by the law of this state that the testimony of the party injured is sufficient, if believed to be true, to establish the commission of the crime—the intercourse, and the facts and circumstances under which it was committed—but, to convict the defendant, it is necessary that she be corroborated by other evidence tending to connect the defendant with the commission of the crime. It was for the jury to say whether her story was true or not. It was plain, direct, and unequivocal, and, if true, established, beyond all reasonable doubt, the commission

1. CRIMINAL LAW: rape: evidence: corroboration.

of the crime charged. The corroboration is so abundant, and so closely and firmly connects the defendant with the crime, that we have no hesitancy in saying that the jury, under this record, could have reached no other conclusion than that reached by them in their verdict. The evidence in this case is of such a character that we do not feel justified in setting it out at any length. The defendant claims, however, that he was impotent, incapable of committing the act. This, too, was a question for the jury, and we are satisfied from the whole record, that, upon this point, he has no grounds for complaining of the action of the jury in finding a verdict against him.

But he argues that the court was unfair to him and erred in its instructions. It is said in argument that the court frequently referred to the witness, Marcella, as the prosecuting witness, although her name was not upon the indictment as prosecuting witness; that she was just an ordinary witness, called before the grand jury to testify, and as such testified, in this case, and it is claimed that this action of the court gave her a standing before the jury as one complaining of wrongs committed against her, and lent her a dignity and a position in the trial that the record did not entitle her to occupy. We think there was no error in this. The instances in which the court used these terms, as applied to the plaintiff, were used in the sense of indicating to the jury that she was the one alleged to have been injured by the commission of the offense. She was the person injured, and she appeared in the prosecution against him and gave testimony against him. If not a prosecuting witness, she was aiding in the prosecution by giving a direct, straightforward, and convincing narrative of what transpired in defendant's rooms, not only as touching herself, but as indicating the character and conduct of the defendant while she was there.

2. SAME:
instructions:
reference to
prosecuting
witness.

Complaint is also made that the court, in its instructions, used the word "rape" several times in referring to the crime

for which defendant was on trial. This crime is, by statute,
designated as rape. There is no other name in the law for it, and, when we read the instructions, we find that, though frequently repeated, it was a necessary repetition in connection with the subject treated.

3. SAME: instructions: rape: repeated use of term.

It is next claimed that the court erred in submitting the question of assault with intent to commit rape. This is an included offense. Marcella testified that all that was done was with her consent. There was no error in the court's action in this respect. See *State v. King*, 117 Iowa, division 5 of the opinion, page 492, a case like the one now before us. In that case it is said:

4. SAME: rape: submission of included offense.

The court submitted to the jury only the offense charged and that of assault with intent to commit rape. All done was with the consent of the prosecutrix, and, unless defendant was guilty of one of the above crimes, he was entitled to an acquittal. An omission to charge the jury concerning an offense of a lower degree, included in that alleged, of which there is no evidence, is not error—citing *State v. Casford*, 76 Iowa, 332; *State v. Beabout*, 100 Iowa, 162; and *State v. Cater*, 100 Iowa, 504.

Some complaint is made of the wording of certain other instructions given by the court. We think there is no merit in the criticism. These were cautionary instructions, given by the court in the interest of a fair and impartial trial, and we think in no way prejudicial to the interests or rights of the defendant.

We are satisfied, from the whole record, that defendant had a fair and impartial trial, and no error was committed by the court, and the judgment ought to be and is—*Affirmed.*

LADD, C. J., and DEEMER and WITHROW, JJ., concur.