STATE OF IOWA, Appellee, v. HOWARD K. BERRY, Appellant.

**RAPE: Instruction Which Omits Age Element.** Under an indictment
1    for rape on a child under the age of consent, an instruction on the subject of assault with intent to rape which omits the age element of the prosecutrix is, while not to be commended, all-sufficient, when it is manifest to jurors of common sense, from the form and phrasing of the instruction and from the instructions as a whole, that the defendant could not be legally found guilty unless such age element was proven beyond a reasonable doubt.

**TRIAL: Defining Terms—"Guarded Judgment."** Instructions to the
2    effect that *intent* is to be arrived at by such just and reasonable deductions or inferences from the acts and facts proven as the "guarded judgment" of candid and cautious men would ordinarily draw therefrom, are not erroneous because of failure to define the term "guarded judgment."

**TRIAL: Instructions—Correct But Not Explicit.** Correct but non-
3    explicit instructions are all-sufficient, in the absence of a request for greater elaboration.

**EVIDENCE: Best Evidence—"Age" of a Person.** Witnesses who know
4    the age of a person may testify thereto, notwithstanding the fact that a record of births and deaths is kept, as required by law.

*Appeal from Iowa District Court.*—CHAS. K. DEWEY, Judge.

MAY 11, 1921.

REHEARING DENIED OCTOBER 1, 1921.

THE defendant was convicted of the crime of rape, and from a judgment sentencing him to the penitentiary at Anamosa for an indeterminate term of 20 years, he appeals.—*Affirmed*.

*Stapleton & Stapleton,* for appellant.

*B. J. Gibson,* Attorney General, and *B. J. Flick,* Assistant Attorney General, for appellee.

ARTHUR, J.—I. The indictment charged the defendant with the crime of rape, committed upon a female child under the age of 15 years.

Sixteen errors in the rulings of the court, most of which relate to the instructions, are alleged by appellant. While it is urged that the evidence is insufficient to sustain defendant's conviction, a careful reading of the record, which consists of more than 100 pages of unabstracted typewritten transcript of evidence, satisfies us that the verdict was fully warranted thereby, and we shall not further discuss this question.

The sixth paragraph of the court's charge to the jury is as follows:

"To convict the defendant of the charge made in the indictment, the State must satisfy you, beyond a reasonable doubt, that, in this county and state, and on or about the 12th day of October, 1916, the defendant did ravish and carnally know and abuse and have sexual intercourse with one Carrie Long; that she was then and there a female child under the age of 15 years. If the State has satisfied you of this beyond a reasonable doubt, then you should find the defendant guilty of rape, as charged in the indictment; but if you do not so find, then you will acquit the defendant of the charge of rape.

1. RAPE: instruction which omits age element.

"If you find from the evidence, beyond a reasonable doubt, that the defendant made an assault upon the said Carrie Long, at the time and place aforesaid, with the intent then present in his mind to have sexual intercourse, but that, in fact, no sexual intercourse took place between them, then you should find the defendant guilty of assault with intent to commit rape; and if you do not so find by the evidence, beyond a reasonable doubt, then you will acquit the defendant of the grade of offense of assault with intent to commit rape."

The exceptions to this instruction relate only to the second paragraph thereof. The criticism is that it omits the es-

sential element of the crime of assault with intent to commit rape, that the State was bound to show that the prosecutrix was under the age of 15 years. Assault with intent to commit rape is an included offense, under an indictment charging the commission of the higher crime upon a female child under the age of 15 years. *State v. King,* 117 Iowa 484; *State v. Carnagy,* 106 Iowa 483; *State v. Christopher,* 167 Iowa 109.

It was not claimed by the State that the act of sexual intercourse between the defendant and the prosecutrix, which resulted in her pregnancy and the birth of a child, was accomplished by the use of such force as would warrant a conviction of the common-law offense. To justify a conviction of the included offense, it was necessary for the State to prove that the prosecutrix was under the age of 15 years; and unless the instruction, taken as a whole, fairly construed, so advised the jury, the conviction of the defendant should not be permitted to stand. It will be observed that the court, in the first paragraph of the instruction quoted, clearly and plainly stated to the jury that the burden rested upon the State to prove, beyond a reasonable doubt, among other essentials of the crime, that prosecutrix was, at the time of the acts complained of, under the age of 15 years. In the paragraph of the instruction against which the criticism is directed, the court, as already appears, used the following language: "If you find from the evidence, beyond a reasonable doubt, that the defendant made an assault *upon the said Carrie Long,* at the *time and place aforesaid,* with the intent then present in his mind to have sexual intercourse," but failed to consummate the act, then the defendant should be convicted of the lesser offense.

The reference to the prosecutrix named in the preceding paragraph of the instruction, and to "the time and place aforesaid," it seems to us, must necessarily have been understood by the jury to refer to and include the further statement therein, to the effect that it must further be established that the prosecutrix was under the age of 15 years. But a single act was mentioned in the evidence, and the jury could not reasonably have been misled by the failure of the court, in defining the crime of assault with intent to commit rape.

to again state that proof that the prosecutrix was under the age of 15 years was essential to a conviction thereof.

The evidence, which was undisputed, conclusively showed that the prosecutrix was under the age of consent. It is our conclusion, from the record as a whole, and the necessary implication from the instruction taken as a whole, that while, to convict, it was necessary for the State to show that the prosecutrix was under the age of 15 years, the omission complained of could not have misled the jury or have been prejudicial to the defendant. The portion of the instruction criticized cannot be commended, and we must not be understood as giving it our approval, but only as holding that, upon the record, and under the facts disclosed in this case, a reversal on account of the omission is not necessary.

II. The criticism of the remaining instruction is exceedingly technical, hypercritical, and almost wholly without persuasive merit. This is particularly true of the exceptions urged to Instructions numbered 7, 10, 14, and 16. Instruction 7, which is brief, is as follows:

"The intent with which an act is done is an act or emotion of the mind seldom, if ever, capable of direct and positive proof, but is to be arrived at by such just and reasonable deductions or inferences from the acts and facts proved as the guarded judgment of a candid and cautious man would draw ordinarily therefrom."

2. TRIAL: defining terms: "guarded judgment."

It is suggested by counsel that the words "the guarded judgment of a candid and cautious man" cast the jury upon a "sea of uncertainty," and that the court should have defined the term, so that the jury could have ascertained what deductions an ordinarily candid and cautious man would probably draw from the facts and circumstances shown. The criticism is without merit.

The criticism of Instruction 10 requires no consideration; whereas the complaints made of Instruction 16 are without substantial foundation. This instruction is interpreted by counsel as placing improper limitations upon the probative value of evidence offered by defendant in support of his general reputation for truth, veracity, and morality in the community in which he resided. The

3. TRIAL: instructions: correct but not explicit.

court, after explaining to the jury that evidence introduced by the State which tended to show that the defendant's reputation for truth and veracity was bad, in the community in which he resided, was offered for the purpose of impeachment, added that:

"Such testimony may be contradicted by introducing other competent witnesses to testify that his general reputation in the community is not bad."

The specific challenge of counsel is that it was permissible for the defendant to negative the testimony of the State that the defendant's reputation for truth and veracity was bad, by showing by other witnesses that they never heard this particular trait of his character called in question; and that the effect of the instruction was to deprive the defendant of the benefit of the evidence offered in this form. The court might properly have added the qualification suggested; but, so far as the record discloses, no request was made therefor. The instruction did not point out or designate the form in which the proof should be offered, but only that the defendant had the right to show, by the testimony of the witness, that his reputation for truth and veracity was not bad. The phrase quoted might possibly have been more aptly worded, but it was sufficiently clear, and not prejudicial.

Instruction 14, which defined "reasonable doubt," is also criticized. This instruction is copied substantially from *State v. Krampe*, 161 Iowa 48, and was altogether favorable to the defendant.

III. The court permitted prosecutrix, the physician, and other witnesses, who were present at her birth, or knew the date on which she was born, over the objections of defendant to testify to her age. The objections were based upon the proposition that, under Chapter 151 of the Acts of the Eighteenth General Assembly, requiring a record of births and deaths to be kept in the office of the clerk of the district court, said record is the only evidence admissible for the purpose of proving the age of prosecutrix. The ruling of the court permitting this testimony was clearly correct. *Hall v. Cardell*, 111 Iowa 206. These witnesses were competent to testify to the date on which she was born, the same as to any other material fact of which they had personal knowledge. Chap-

4. EVIDENCE: best evidence: "age" of a person.

ter 151, Acts of the Eighteenth General Assembly, does not, by specific enactment, even make the record kept in the clerk's office competent evidence upon the trial of cases of this kind; but, assuming that it would be admissible for the purpose of showing the age of the prosecutrix, its effect would not be to exclude other competent testimony offered to prove the same fact.

Other errors assigned and argued by counsel are without substantial merit.

We have read the entire record with the care and scrutiny which the importance of the case demands, but find no reversible error therein. It follows that the judgment of the court below must be and is affirmed.—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.