# IN THE COURT OF APPEALS OF IOWA

No. 16-0355
Filed October 26, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES L. THORNE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, John J. Bauercamper, Judge.

Defendant appeals his convictions for three counts of assault with intent to commit sexual abuse. **AFFIRMED.**

John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

James Thorne appeals his convictions for three counts of assault with intent to commit sexual abuse. We conclude Thorne has not shown he received ineffective assistance because defense counsel permitted him to enter an *Alford* plea to three counts of assault with intent to commit sexual abuse.[1] Thorne's second claim, that his plea was not knowing and voluntary, must be preserved for possible postconviction proceedings. We affirm Thorne's convictions.

## I.      Background Facts & Proceedings

On December 19, 2014, officers were executing a search warrant at the home of Thorne on a different matter when they observed a fifteen-year-old girl come out of the bedroom. Thorne was then twenty years old. An examination of Thorne's cell phone showed text messages of a sexual nature between Thorne and the girl. When questioned, both Thorne and the girl stated they had been engaged in a sexual relationship.

Thorne was charged with four counts of sexual abuse in the third degree, a class "C" felony. Thorne signed a written plea agreement in which he agreed to enter *Alford* pleas to three reduced charges of assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11(3) (2013), an aggravated misdemeanor. The plea agreement also provided Thorne would be sentenced to two years in prison on each count, to be served consecutively, the sentences would be suspended, and Thorne would be placed on probation. In addition,

---

[1] In an *Alford* plea, a defendant acknowledges the evidence strongly negates his claim of innocence and enters a guilty plea, but does not admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

Thorne would be given a special sentence for ten years, pursuant to section 903B.2, and would be required to register as a sex offender.

The court accepted Thorne's written plea and sentenced him in accordance with the plea agreement. The fourth charge against Thorne was dismissed without prejudice. Thorne now appeals his convictions, claiming he received ineffective assistance of counsel.

## II.     Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III.     Factual Basis

Thorne claims he received ineffective assistance because defense counsel permitted him to enter an *Alford* plea to three counts of assault with intent to commit sexual abuse when there was not a sufficient factual basis for the plea. The offense of assault with intent to commit sexual abuse requires evidence of an assault, as defined in section 708.1. Iowa Code § 709.11. Thorne claims there was no evidence of an assault because he was involved in a consensual sexual relationship.

"It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis." *State v.*

*Finney*, 832 N.W.2d 46, 54 (Iowa 2013). "It follows that no advice to plead guilty would be considered competent absent a showing of a factual basis to support the crimes to which the accused has elected to plead guilty." *Id.* at 54-55. This requirement exists where a defendant has entered a guilty plea. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Finney*, 832 N.W.2d at 62.

In *State v. Anderson*, 222 N.W.2d 494, 495 (Iowa 1974), the Iowa Supreme Court stated:

> Preliminarily, we note that under our decisions, as under the decisions generally, "a man who commits an overt act upon the person of a female under the age of consent, which would amount to an assault with intent to rape, is guilty of such offense even though the female consents to such act. Since the child cannot consent to the crime of rape, she equally cannot consent to an assault with the intent to commit rape."

(Citation omitted.) *See also State v. Coil*, 264 N.W.2d 293, 294 (Iowa 1978) ("We have held assault with intent to commit rape includes an assault with intent to commit statutory rape, even though there may have been purported consent by the minor female partner.").

In the present case, the victim could not consent because she was fifteen years old and Thorne was more than four years older. *See* Iowa Code § 709.4(1)(b)(3)(d) (defining third-degree sexual abuse as occurring when a person performs a sex act, the participants are not cohabiting as husband and wife, the victim is fourteen or fifteen years of age, and the perpetrator is four or more years older than the victim). The victim's purported consent to a sexual relationship with Thorne does not preclude a finding he committed assault with

intent to commit sexual abuse. We conclude Thorne has not shown he received ineffective assistance because defense counsel permitted him to enter an *Alford* plea to three counts of assault with intent to commit sexual abuse.

### IV.    Knowing and Voluntary

Thorne claims he received ineffective assistance because defense counsel misled him as to how long he would be required to register as a sex offender. He states defense counsel incorrectly advised him he would only be required to register as a sex offender for ten years. Thorne states under section 692A.106(5) he will actually be required to register for the rest of his life. As a result, he claims his plea was not knowing, intelligent, or voluntary.

Where the record is not adequate to address a claim of ineffective assistance of counsel, we must preserve the claim for possible postconviction proceedings. *See State v. Fountain*, 786 N.W.2d 260, 267 (Iowa 2010). The current record does not show what advice defense counsel gave to Thorne on this issue. We determine this issue must be preserved for possible postconviction proceedings.

We affirm Thorne's convictions on three counts of assault with intent to commit sexual abuse.

**AFFIRMED.**