STATE OF IOWA, Appellee, v. RALPH MUELLER, Appellant.

RAPE: Assault to Commit—Evidence—Sufficiency. Evidence of prosecutrix reviewed, and held not *ipso facto* incredible because of contradictions, inconsistencies, and admissions of unfavorable conduct on her part.

RAPE: Corroboration—Uncertain Identification of Accused. The identification of an accused, under a charge of rape, at the time of the occurrence in question, though somewhat uncertain and equivocal,

may justify the jury in finding that the corroboration is sufficient. (See Book of Anno., Vol. 1, Sec. 13900, Anno. 8 *et seq.*)

**CRIMINAL LAW:** Instructions—Unsupported Issue.    Requested instructions on a wholly unsupported issue are properly refused.

**CRIMINAL LAW:** Instructions—General in Lieu of Specific Instructions.  A general and all-inclusive instruction as to the conduct of a prosecutrix in a charge of rape and the right and duty of the jury to give due consideration thereto, as affecting her credibility, may justify the court in refusing requested instructions on specific instances of conduct.

**CRIMINAL LAW:** Instructions—Circumstantial Evidence—Basis.    In a charge of assault with intent to rape, alleged to have been committed in an automobile, evidence that people saw the car, heard screams, and saw prosecutrix alight from the car in an excited and disheveled condition, furnishes sufficient basis for instructions relative to circumstantial evidence.

**RAPE:** Corpus Delicti—Evidence—Sufficiency.  The fact that the crime of rape has been committed may be established by the testimony of the prosecutrix alone.

**CRIMINAL LAW:** Evidence—Failure to Testify—Instructions.  It is not error to instruct that the failure of the accused in a criminal prosecution to be a witness in his own behalf must not be considered against him.

**CRIMINAL LAW:** New Trial—Hostile Attitude of Audience.  Conclusion affidavits stressing the hostility of the audience present during the trial of an accused, which was manifested in alleged demonstrations against the accused, reviewed, and held insufficient to show that accused was not accorded a fair trial, especially in view of the overruling of the motion for new trial on that ground.    (See Book of Anno., Vol. 1, Sec. 13944, Anno. 81 *et seq.*)

Headnote 1:  33 Cyc. p. 1493.  Headnote 2:  33 Cyc. p. 1498.  Headnote 3:  16 C. J. p. 1045.  Headnote 4:  16 C. J. p. 1063.  Headnote 5:  16 C. J. p. 1009.  Headnote 6:  33 Cyc. p. 1498.  Headnote 7:  16 C. J. p. 1021.  Headnote 8:  16 C. J. p. 1242 (Anno.)

Headnote 1:  22 R. C. L. 1231.  Headnote 2:  26 L. R. A. (N. S.) 1149, 1151; 22 R. C. L. 1224.  Headnote 3:  14 R. C. L. 786.  Headnote 6:  L. R. A. 1916B, 748; 22 R. C. L. 1221.  Headnote 7:  14 R. C. L. 758.  Headnote 8:  20 R. C. L. 238.

*Appeal from Clayton District Court.*—H. E. TAYLOR, Judge.

APRIL 6, 1926.

REHEARING DENIED DECEMBER 16, 1926.

Indictment for rape. The jury found the defendant guilty of assault with intent to commit rape, and from the judgment upon the verdict he appeals.—*Affirmed.*

*Davidson & Davidson, V. T. Price,* and *William S. Hart* for appellant.

*Ben J. Gibson,* Attorney-general, and *Neill Garrett,* Assistant Attorney-general, for appellee.

VERMILION, J.—Appellant assigns 65 alleged errors. We consider only those which are argued.

I. It is insisted that the evidence is insufficient to sustain the verdict, and that motions of appellant for a directed verdict of acquittal should have been sustained.

The prosecutrix is a professional roller skater, and was engaged in giving performances at a fair in Elkader. The appellant appears to have been a member of a local band that furnished music for the fair. The testimony of the prosecutrix is to the effect that, after the evening performance at the fairground, appellant asked her to go riding with him in a Ford coupé; that she consented; and that, during the ride, while the car was standing in an unfrequented byroad, with the lights turned out, the acts took place which constitute the basis for the charge of rape. It is unnecessary to set out the details of what she testified then occurred. Her testimony as to the occurrence is uncontradicted, and, if worthy of credit and believed by the jury was amply sufficient to warrant a finding, if corroborated as by statute required, that the appellant attempted, by force and against her will and resistance to have sexual intercourse with her, and was guilty of an assault with intent to commit rape. While her testimony indicated that appellant so far accomplished his purpose as that rape was committed, the finding of the jury that appellant was not guilty of rape, but of an assault with intent to commit rape, requires us to consider only the sufficiency of the evidence to sustain the verdict of guilty of such assault.

It is the contention of counsel for appellant that the testi-

1. RAPE: assault to commit: evidence: sufficiency.

mony of the prosecutrix is so improbable, so contradictory, so inconsistent with certain admitted or established facts, that we should say it is unworthy of belief. This contention has to do with the conduct of the prosecutrix before and after the alleged assault; the fact that she accepted the invitation of a stranger to go riding with him late at night; her uncertainty and contradictory statements as to the route they took; the limited space in the car; the condition of her clothing; the absence of marks upon the person of the prosecutrix and the appellant; and the relative age, size, strength, activity, and physical condition of the parties.

The prosecutrix was a stranger and unfamiliar with the locality. There are contradictions in her testimony. She admitted that she misstated her age at the preliminary examination, explaining that she then gave the age which she assumed as a public entertainer. She admitted having made some claim for damages, and that, after she testified on the preliminary examination as to her past life, she wrote a letter to a former acquaintance whose name she had there mentioned, appealing to him to stand by her and defend her reputation. There was uncontradicted testimony, aside from that of prosecutrix herself, that two witnesses heard screams from a Ford coupé standing in the road with the lights out, considerably after midnight; that they stopped, and that prosecutrix got out of the coupé; that she seemed dazed, and was crying and shaking; that her limbs did not seem to support her; that she was dropping down, and in a hysterical condition; that she was talking disconnectedly, saying, ''Oh, my God,'' and throwing her hands to her head; that her hair was hanging down over her face, and her dress was wrinkled. Upon the record, we would by no means be justified in saying that the prosecutrix is wholly unworthy of belief, and that for that reason the verdict is without sufficient support in the evidence. The credibility of the witnesses and the weight of their testimony were matters peculiarly for the consideration of the jury. The testimony of the prosecutrix, with all its claimed contradictions, inconsistencies, and unfavorable admissions as to her conduct, was before the jury, and with their conclusion we cannot interfere, on the ground that she was unworthy of belief.

II. It is earnestly insisted that there is no sufficient cor-

roboration of the prosecutrix tending to connect the appellant with the commission of the offense, as required by Section 13900, Code of 1924.

The two witnesses who saw the prosecutrix get out of the car, as stated above, testified that they were traveling in an automobile, and that they passed the standing car, heard screams, and turned around and came back, stopping two or three rods back of the other car. One of them testified that there was someone in the car, but he did not know who it was. The other, C. L. Crider, testified that it was the appellant, and added:

2. RAPE: corroboration: uncertain identification of accused.

"Can I modify that answer? I saw his face and I saw it in that light, and it satisfied my mind that it was Ralph Mueller; but in identifying a person it would make [me] feel better to tell the court that, if I had time to see him and speak to him and say it was Ralph Mueller; but I wouldn't go that far. I would go this far, and say it satisfied my mind that it was Ralph Mueller. That is the best I can do."

He also testified:

"My car was facing same direction as his, and my lights toward back of his car. He turned his car to the left. Cars parked about width of car from road on north side, about 30 to 35 feet apart. When he turned, he was probably within a foot of my car."

On cross-examination, he testified:

"Q. And of course you don't pretend to testify under oath that that was Ralph Mueller that was out there, do you? A. I wouldn't swear—no—that it was he. I would swear that it was a familiar Ford coupé. Q. Yes, that's all you would swear to. Isn't that true? A. That is all I can, under oath,—yes, sir. When I came from the south, my lights fell on the front of that car, and when I came back from behind, my lights were on the back of the car. As he turned, my lights were on the side of the car; so for some distance I didn't get to see much of this car, as it was turning around. I saw no one in the car from the back, from the fact that there was a curtain on the back; but, as the car swung to the left, I saw a face through the side door. After it was turning around to go back to the left,

my lights were then facing west; and when he turned around, he turned south to the east in a short circle.''

This witness admitted that, on the preliminary examination, he was asked if he saw who was driving, and answered:

''I wouldn't say. The car left there right away.''

He further testified:

''I couldn't swear to that then, and don't swear to it now.''

This was the only corroborating evidence that tended to connect the appellant with the commission of the offense. In weighing the testimony of the witness, the whole of it, both direct and cross-examination, should be considered together. *Perkins v. Holser,* 213 Mich. 579 (182 N. W. 49). It was, we think, fairly susceptible of the interpretation that the witness saw the face of the person in the car, and was satisfied in his own mind that it was the appellant, but would not testify positively that it was he. The witness appeared to be anxious to state frankly and fairly his own mental attitude. It is not always the most positive witness that is the most convincing. Unless we are to say that, because he testified only that he was satisfied in his own mind that the person whose face he saw in the car was the appellant, or because of what he said on cross-examination, his testimony was of no probative value whatever as identifying the person in the car, the weight of his testimony was for the jury. The same thing is true of his credibility, as affected by his previous testimony. That the tendency of this testimony, if the jury believed therefrom that the appellant was in the car from which the prosecutrix had just alighted, under the circumstances and in the condition described by these witnesses, was to corroborate her, and to single out the appellant as the perpetrator of the offense, is too plain for argument. Whether there is any corroborating evidence is a question for the court, but its weight and sufficiency are matters to be determined by the jury. *State v. Crouch,* 130 Iowa 478; *State v. Bricker,* 135 Iowa 343; *State v. Hetland,* 141 Iowa 524; *State v. Vochoski,* 170 Iowa 246. The court instructed the jury fully and correctly on the subject of the corroboration required, saying that, before the defendant could be convicted of the crime of assault with intent to commit rape, they must find beyond all reasonable doubt, from the testimony of this witness alone, that the defendant was in the

Ford coupé that drove away from the scene of the alleged crime, and that they should not consider the testimony of the witness which was based on mere suspicion or belief, and not founded on actual observation and identification. We think the sufficiency of the corroboration was properly submitted to the jury, and that we would not be warranted in reversing the judgment for lack of corroboration of the testimony of the prosecutrix tending to convict the appellant with the commission of the offense.

III. It is said that error was committed in permitting counsel for the State to ask leading questions of the prosecutrix and the witness whose testimony is relied upon as corroborating her. The record does not sustain the contention. The questions to which this objection was made did no more than call the attention of the witness to the particular matter inquired about. *Fitch v. Mason City & C. L. Traction Co.*, 116 Iowa 716. No abuse of discretion in this respect is shown. *State v. Drake*, 128 Iowa 539.

IV. Error is assigned on the refusal of the court to give each of 21 requested instructions. So far as the requests were correct statements of the law, the subjects to which they referred were, save as hereafter noted, sufficiently covered by the charge given.

One requested instruction was to the effect that, if the prosecutrix had in her possession articles of clothing the condition of which would sustain her claim that she was assaulted, and failed to produce such articles, such failure should be taken as a circumstance against her, tending to discredit and contradict her claim that she was assaulted. There was no evidence to which such an instruction could have been applicable. The prosecutrix testified that her clothing was not torn, and that her hat was not injured.

3. CRIMINAL LAW: instructions: unsupported issue.

Another requested instruction related to the absence of marks, scratches, bruises, or wounds upon the person of prosecutrix or defendant, and said that that fact should be considered by the jury, in determining whether there had been a struggle. Another said that, if it was found that prosecutrix, in person or through others, sought a large amount of money

4. CRIMINAL LAW: instructions: general in lieu of specific instructions.

from the defendant before the formal criminal charge was filed, that fact might be considered, in connection with all the other evidence, as bearing on her purpose in making the charge. The instructions given directed the jury to consider all of the facts and circumstances in evidence which they believed entitled to credit, in determining whether the defendant was guilty, and that, in determining the weight and credibility of the testimony of the prosecutrix they might consider her conduct, both before and after the alleged assault. While it might not have been improper to have given the thought of the two last mentioned requests, we think, in view of the charge given, that it was not error to refuse them.

"The office of an instruction is to state the rule of law applicable and pertinent to the matter to be determined, and not to marshal the evidence, or by special mention to give undue prominence to any particular phase or feature of the fact case made by either party to the controversy. * * * When and to what extent instruction of this nature shall be given rests very largely in the sound and impartial discretion of the court." *Kelly v. Chicago, R. I. & P. R. Co.,* 138 Iowa 273.

V. Numerous complaints are made of the instructions given to the jury. The complaints are without merit. In many instances, the objections are so plainly lacking in merit as to require no extended consideration. Others will be briefly referred to.

The court gave three instructions on circumstantial evidence. The matter of the instructions is not objected to, but it is insisted that there was no circumstantial evidence in the case to which they could apply. With this we cannot agree. The testimony of witnesses to seeing the car, hearing screams, seeing prosecutrix alight therefrom and as to her condition and appearance, was purely circumstantial, so far as it had any tendency to establish the commission of any crime. The instructions were properly given.

5. CRIMINAL LAW: instructions: circumstantial evidence: basis.

The court instructed that the fact that a crime had been committed by someone could be established by the testimony of the prosecutrix alone.

"It is one thing to find that a crime has been committed,

and it.is quite another thing to say that the party charged committed the crime." *State v. John,* 188 Iowa 494.

The statute requires corroboration of the prosecutrix, tending to connect the defendant with the commission of the offense.

6. RAPE: *corpus delicti:* evidence: sufficiency.

The crime may be established by the testimony of the prosecutrix alone (*State v. John,* supra; *State v. Kessler,* 189 Iowa 567), and the jury were properly so instructed.

The court instructed that the fact that the defendant had not been called as a witness could not be considered by the jury

7. CRIMINAL LAW: evidence: failure to testify: instructions.

for any purpose. This was not error. *State v. Weems,* 96 Iowa 426. See, also, *State v. Carnagy,* 106 Iowa 483.

VI. Complaint is made of the conduct of attorneys for the State during the trial. The record discloses several more or less spirited exchanges between counsel that had better have been omitted, but nothing, we think, of a prejudicial character.

VII. Many excerpts from the closing argument for the State are set out, which are claimed to have constituted prejudicial misconduct on the part of the attorney for the State. Very many of the statements objected to, appear on their face to have been made in response to arguments for defendant; many were clearly nothing more than legitimate comment and argument upon the testimony; a few, perhaps, evince an excess of zeal: but, after a careful examination, we think they were not so manifestly prejudicial as to require a reversal. We think that no prejudicial misconduct is shown.

VIII. In connection with a motion for a new trial, the appellant presented affidavits to the effect that, among the people of the community where the trial was held, there was

8. CRIMINAL LAW: new trial: hostile attitude of audience.

a bitter public sentiment against the defendant; that the trial was attended by a large concourse of people; and that upon each day of the trial there were one or more marked manifestations, taking the form of spontaneous demonstrations in the presence and hearing of the jury, manifesting the feeling and attitude of hostility toward the defendant, and derision, opposition, and condemnation of efforts on his behalf; and that several times the court found it necessary to sharply admonish the audience

to refrain from making demonstrations of their feeling and attitude.

The record, aside from these affidavits, discloses that upon one occasion a misunderstanding arose between counsel as to whether the cross-examination of the prosecutrix was completed, and that there was ''laughter and demonstration in audience.'' Whereupon the court said:

''This defendant is entitled to a fair trial, and there will be no demonstration from the audience.''

In this instance, it is clear, the court took prompt and effective measures to prevent any unseemly or prejudicial demonstration on the part of the audience.

The affidavits deal only in generalities. The statement is that demonstrations occurred, but of what kind or character is not shown. No specific facts or occasions are mentioned, save in the one instance shown by the record of the trial to which we have referred. It is a mere conclusion to say that the alleged demonstrations manifested a feeling of hostility toward the defendant and opposition to efforts which were being made in his defense. There is no showing of facts from which such an inference can be drawn. The whole matter goes to the question whether the defendant had a fair trial. There is no proof of facts, as distinguished from an inference to be drawn from mere conclusions, that the court did not secure the defendant a fair trial. Whatever occurred was in the presence of the court, to whom the motion was addressed. The court overruled the motion, thereby holding that the trial had been fair. We said in *State v. Kennedy,* 195 Iowa 1059:

''In the absence of any proof to the contrary, we may rely on the guarded discretion of the court in affording the defendant a fair trial.''

We think no ground for reversal is shown here.

We have examined the record with care, in the light of the extended and critical argument for appellant. The case appears to have been carefully tried. The instructions were very full and explicit, and plainly and repeatedly directed the attention of the jury to the close question of fact in the case and to the necessity for corroboration of the testimony of the prosecutrix, tending to connect the defendant with the commission of the offense, and said that this must be found, if at all, in

the testimony of the witness C. L. Crider, and that his testimony, if based on mere suspicion or belief, was not to be considered.

We find no prejudicial error, and the judgment is—*Affirmed.*

Evans, Stevens, and Morling, JJ., concur.