STATE OF IOWA, Appellee, v. WILLIAM BLAIR, Appellant.

No. 39143.

FEBRUARY 12, 1929.

REHEARING DENIED NOVEMBER 22, 1929.

*B. I. Salinger*, for appellant.

*John Fletcher*, Attorney-general, and *Neill Garrett*, Assistant Attorney-general, for appellee.

MORLING, J.—I. The information charges:

"That the said William Blair, on or about the 28th day of May, A. D. 1927, in the county of Carroll and state of Iowa, * * * did willfully, unlawfully, and feloniously, carnally know and abuse one Eldora Struve, she being then and there a female child under the age of 16 years, all against the peace and dignity of the state of Iowa, and contrary to the statute in such case made and provided."

The defendant's principal point is that the only evidence offered by the State on the subject is to the effect that a completed rape by actual penetration was accomplished; that such proof "disproves a charge of attempt to rape * * * disproves assault with intent to commit;" that the verdict of guilty of assault with intent acquits the defendant of the only offense of which there is any evidence, namely, completed rape; that the testimony to the effect that sexual intercourse was consummated was rejected by the jury as incredible, and that such rejection of the evidence left nothing upon which to base a conviction of assault with intent; that the verdict also discredits the corroboration. Defendant argues that the consummated crime and attempt to commit it are separate and distinct offenses; that a

failure of consummation is an essential element of the offense of attempting to commit.

The argument and the cases cited are largely devoted to a discussion of common law or statutory crime of "attempt" in other jurisdictions, rather than the crime of assault with intent to commit defined by our statute, of which the defendant was convicted. Whether there is a distinction between the common-law or statutory offense of attempt to commit rape in states where such attempt is made a crime, and the offense of assault with intent to commit as defined by our statute (Sections 12966, 12968, Code, 1927), we do not pause to consider, there being no common-law crimes in this state (*State v. Banoch,* 193 Iowa 851). See *Flower v. Continental Cas. Co.,* 140 Iowa 510, 512; *State v. Russell,* 64 Kan. 798 (68 Pac. 615); *In re Stahlnaker,* 93 Kan. 622 (144 Pac. 832). The prosecutrix was 11 years old. Defendant, at the time charged, was working for her father, and sleeping in the father's home. There were two rooms on the second floor of the house. Defendant and the 10-year-old brother of prosecutrix slept together in one of the rooms, and prosecutrix and a 7-year-old sister slept together in the other. The testimony of prosecutrix is to the effect that, at the time in question (as she says he had done previously), defendant came into her bed while her sister was in bed with her, and fully accomplished the act alleged, causing her much pain "inside." The sister testifies that defendant came into the bed, and she saw him get on top of the prosecutrix. The brother says he saw defendant, in his underclothes, get out of the bed in which they were both sleeping, and go to the bed where the sisters were (on the night in question not having his underwear on), and that he heard the bed squeak. The testimony of a physician is to the effect that he examined both the prosecutrix and defendant; that defendant was normal; that the hymen of prosecuting witness was not broken; that there had been no vaginal, though he could not say but that there might have have been some labial, penetration. The prosecuting witness also gave testimony that defendant, several months before the act for which defendant was tried, made an obscene proposal. The prosecutrix's testimony to this fact is said by defendant in argument to be without dispute. The evidence offered in behalf of defendant is confined to the testimony of witnesses to absence of bad reputation of defendant in respect to his

relations with women, the physician's testimony above referred to, and testimony tending to impeach that of the prosecutrix's father. The legal competency of the State's witnesses is not denied.

Defendant leans heavily on *State v. Mitchell,* 54 Kan. 516 (38 Pac. 810), and *State v. Barkley,* 129 Iowa 484, citing that case with approval. In *State v. Mitchell,* 54 Kan. 516 (38 Pac. 810), the court says, with respect to acquittal of the charge of rape and conviction of attempt:

"In so doing they have found against the truth of her statements as to the principal fact testified to, while accepting her testimony as to minor matters. The explanation, and the only explanation, offered by the State for this result, is that the jury must have regarded her statements as to the manner in which the offense was consummated as incredible, and that they accepted so much as might have been true. * * * There is no other testimony in this case of any fact or circumstance, or of any act or declaration of the defendant, which is inconsistent with his entire innocence of any offense. The conviction, therefore, rests solely on the testimony of a witness whom the jury by their verdict have discredited and disbelieved as to the most important fact stated by her on the witness stand, and the fact concerning which, above all others, she could not possibly be mistaken. * * * Section 418 * * * 'No person shall be convicted of an assault with intent to commit a crime, or of any other attempt to commit any offense, when it shall appear that the crime intended or the offense attempted was perpetrated by such person * * *.'" (We have not such a statute.)

In that case, the prosecuting witness was of the age of 18. She testified to the completed perpetration of the act while in a position in a buggy which the jury evidently found would make it impossible. The prosecuting witness here was 11 years old, inexperienced and uninformed in such matters. Her testimony was corroborated. On the record here, the jury might find that the defendant entertained toward the prosecuting witness lewd intentions, and therewith, in a state of partial or entire undress, got into the bed of the prosecuting witness with her, as testified to by the State's witnesses, and that his purpose was to have sexual intercourse with her. *State v. Roby,* 194 Iowa 1032; *State*

*v. Sherman,* 106 Iowa 684; *State v. Mueller,* 202 Iowa 1067. Defendant says in argument:

"We cannot too often say that our position does not challenge decisions like *State v. Barkley,* 129 Iowa, at 485, to the effect that, when the proof of rape of necessity includes every included offense, than one who has been guilty of one of the included offenses only, may not 'complain of the leniency or mistake of the court in his favor.' We are not saying that when, under the evidence, defendant might rightfully have been convicted of rape, that he can complain of a conviction for less than rape. * * * The question is whether there may be a conviction for assault to commit where the only evidence is to a completed act."

If a consummated rape was perpetrated, there was necessarily an assault with intent to commit rape. The jury might find that the completed offense of rape was not consummated, and still find sufficient evidence of the assault.

It is further urged that there is no dispute on whether there was a consummated act; that the testimony does not dispute it; that it contradicts only the degree of penetration.

It is true that, on the doctor's testimony, there might have been sufficient penetration to constitute the crime of rape. The jury might well have found the defendant guilty of that crime. Nevertheless, it remains true that there is sufficient evidence of the commission of the crime of assault with intent, and the case is within the rule that defendant may not complain of conviction of a crime of a lesser degree than that which the evidence requires or warrants. *State v. Barkley,* 129 Iowa 484; *State v. Williams,* 197 Iowa 813.

II. Defendant argues that evidence of good character "may of itself, by the creation of a reasonable doubt, produce an acquittal," and that the court did not so charge. The instructions upon this point are to the effect that accused may prove, as a circumstance in his defense, his previous good character as to the trait involved; that previous good character is not in itself a defense, but is a circumstance to be considered with all the other evidence in determining guilt or innocence; that it may be sufficient to gen-

erate a reasonable doubt, and entitle the defendant to an acquittal, even though, without such proof of good character, the jury would convict; that it should be given consideration, regardless of whether other evidence is conclusive or inconclusive; and that it was for the jury, under all the facts and circumstances in the case, to determine what weight should be given to such evidence. We are of the opinion that the defendant has no cause to complain of this instruction as not giving him the benefit of the full value of his evidence of good character. *State v. Bosworth,* 170 Iowa 329; 16 Corpus Juris 980.

III. Error is assigned on the refusal of a number of requests to charge. One requested instruction was that a reasonable doubt might arise from the fact that the State put in no testimony of medical men, and that there was no testimony of injury to the parts, or of hemorrhage. Another was that reasonable doubt might arise from the failure of prosecutrix to make an outcry, and that, if she made the complaint at all, it was not made reasonably close to the time of the offense. Another was, in substance, that, while it cannot be expected that children of tender years will give testimony as clear and free from contradictions as might be expected of an adult of average intelligence, still the jury should take into consideration the appearance of the children, whether their testimony is clear and candid, frank, as ready in response to one side as to the other; and that, though the court had found them to be legally competent, they were still of such tender years that the jury were at liberty to find that they did not have as full an understanding of the obligation of an oath as is possessed by the adult of average intelligence.

Another request was to the effect that the fact that the court has found that the children were legally competent witnesses does not take from the jury the right to weigh their testimony in the light of matters of common knowledge, and that it is a matter of common knowledge that a child of tender years is capable of being "molded like clay in the potter's hands," more easily influenced than the average adult by what is repeated to it; that in children of tender years no reasonable person would expect complete power of discrimination; and that "more or less undesigned coloration and miscoloration is almost inevitable, and it is a matter of common knowledge, because even among mature wit-

nesses it is not always easy to discriminate'' between knowledge and hearsay.

It is not, of course, the province of the court to tell the jury what are and what are not matters of common knowledge. It is not the duty of the court to attempt to marshal the evidence, nor to emphasize particular phases or circumstances and resultingly to minimize or obscure by silence others. The court should not, by selection or otherwise, create in the minds of the jury the impression that certain phases of the evidence have particularly appealed to the court, or have been accepted by him. Instructions should not be argumentative, or unreasonably long or confusing, or misleading. It is not a proper use of requests to charge to utilize them as a snare to involve the court in error. The court is invested with reasonable discretion in the scope, plan, and formulation of his instructions. *State v. Mueller*, 202 Iowa 1067; 16 Corpus Juris 954, 955, *et seq.*, 980, 982, 1035, 1036, 1038. See, further, *State v. Young*, 55 N. D. 194 (212 N. W. 857); *Gordon v. State*, 147 Ala. 42 (41 So. 847).

The court gave the usual instructions on the subject of reasonable doubt, and told the jury that they were the sole judges of the weight and credit to be given to the testimony of the several witnesses, and that they should take into consideration, among other things specified, the witnesses' particular intelligence or want of intelligence, reasonableness or unreasonableness of their story, and whether they were disputed or corroborated; that, in determining the weight to be given to the testimony of the three children, the jury might, in addition, take into consideration their understanding of the obligations of an oath, their capacity to comprehend the distinction between right and wrong, as disclosed by their *voir dire*; that, though the court had found the children legally competent, the fact remained that they were of such tender years that the jury were at liberty to find that they did not have as full an understanding of the obligation of an oath as that possessed by an adult of average intelligence. The jury were told what was meant by understanding the obligation of an oath.

We are of the opinion that the court sufficiently stated to the jury the rules of law governing the consideration of the evidence in the determination of the case.

The court submitted, as an included offense, that of simple

assault, but not that of assault and battery. The defendant complains because of the failure of the court to submit to the jury the crime of assault and battery. The indict-ment having charged the crime of statutory rape, it charged the included offense of assault and battery. See *State v. Hoaglin*, 207 Iowa 744. However, the evidence does not justify the submission to the jury of either assault or assault and battery. The submission of simple assault was error without prejudice to the defendant. The defendant cannot complain because the court allowed the jury to find a verdict in his favor which the evidence fails to justify. One cannot read the record without reaching the conclusion that whatever was done by the defendant was with the consent of the prosecutrix. She could lawfully consent to such acts as without her consent would constitute simple assault and assault and battery. See *State v. Roby*, 194 Iowa 1032. Had the defendant been charged solely with the crime of assault and battery, it would have been the duty of the trial court to direct a verdict in his favor. See *State v. Hoaglin*, supra. Under the evidence in this case, the crime was voluntary on the part of the prosecutrix, and the court would have been justified in not submitting any included offense other than assault with intent to commit rape. See *State v. Hoaglin*, supra; *State v. Herrington*, 147 Iowa 636; *State v. Stevens*, 133 Iowa 684; *State v. King*, 117 Iowa 484.

Under the record in this case, the defendant was guilty of either rape or assault with intent to commit rape, or not guilty at all. We find no prejudicial error.—*Affirmed*.

ALBERT, C. J., and DE GRAFF, KINDIG, and WAGNER, JJ., concur.