STATE OF IOWA v. TOM STEVENS, Appellant.

**Rape:** SUBMISSION OF INCLUDED OFFENSES. On a prosecution for rape the issue of assault or assault and battery need not be submitted, where the defendant denies the charge *in toto,* and there is no evidence of force except such as is incident to the offense charged.

**Corroborating evidence.** The corroborating evidence in a prose-
2  cution for rape is held sufficient to support a conviction.

**Physical examination of accused.** One who pleads sexual impo-
3  tency in defense of a charge of rape is not entitled to have
the jury inspect the parts; an examination of this character
if made should. be by competent physicians.

*Appeal from Polk District Court.*— Hon. JAMES A. HOWE,
Judge.

WEDNESDAY, MARCH 13, 1907.

THE defendant was convicted of having committed the
crime of rape, and appeals.— *Affirmed.*

*Frank S. Shankland* and *Vincent Hogan,* for appel-
lant.

*H. W. Byers,* Attorney General, and *C. W. Lyon,* As-
sistant Attorney General, for the State.

LADD, J.— The defendant is accused of having had
sexual intercourse with Myrtle Rasler, a child under ten
years of age, in the night of September 29, 1905.   She
was occupying a bed with two younger sisters on one.
side of a room, and defendant's bed was on the other side.
The kitchen was the next room, and the room beyond that
was occupied by the child's mother.   Her father was tem-
porarily absent, and her two brothers — the oldest being
eleven years of age — appear to have slept in the kitchen.
The doors between the rooms were open, but the outside doors
were locked, and there was no one else in the house.   Shortly
after 1 o'clock in the morning, defendant entered the
kitchen, and informed Mrs. Rasler that she had a mighty
sick girl, and had better come up and attend to her.   The
mother found Myrtle crying and vomiting, and as she was
unable to walk, carried the child to her bed.   Defendant
advised against calling a doctor, but she was attended by a

physician on November 1st, who found that she was afflicted with peritonitis, and some days later an examination revealed the fact that her hymen had been ruptured recently. The child testified that defendant had committed the offense charged immediately before he called her mother. But three errors are assigned.

I. Whether defendant was guilty of assault or of assault and battery was not submitted to the jury. Nor should they have been. The indictment charges that the accused " did willfully, unlawfully, and feloniously, carnally abuse one Myrtle Rasler," a child under fifteen years of age. She testified that nothing was said at the time, but that two days later he threatened to shoot her if she told. She further testified: " I cried, and he choked me when he was in bed with me. I cried all night. My mamma carried me over to her bed. I was in bed about four weeks." The defendant denied the charge *in toto.* Whether the choking occurred in perpetrating the crime or afterwards does not appear, though the plain inference is that it was subsequent. In the absence of evidence of force in the perpetration of the offense, save as incident to the act charged, and in view of the defendant's denial, we think he must have been found guilty of one of the higher offenses, or acquitted, and that the case is ruled by *State v. King,* 117 Iowa, 492, and *State v. Sherman,* 106 Iowa, 684.

*1. RAPE: submission of included offenses.*

II. Again it is complained that there was no corroboration such as the statute requires, tending to connect the defendant with the commission of the offense. It affirmatively appeared, however, from the testimony of others than the child that the accused was the only person in the house at the time capable of committing the act. This, in connection with the immediate circumstances corroborating her testimony that the crime was committed at that time, was proof of something more than mere opportunity; for, by

*2. CORROBORATING EVIDENCE.*

excluding the possibility of any one else having committed the offense, and confirming the child's story that it was then committed there under the circumstances, tended to single him out as the real perpetrator. The court, after laying down the law as approved by this court in *State v. Carnagy,* 106 Iowa, 490; *State v. Baker,* 106 Iowa, 99; *State v. Norris,* 127 Iowa, 683, further instructed the jury: " You will take into consideration all the evidence, and all the circumstances proven by witnesses other than the said Myrtle Rasler; where the said Myrtle Rasler and the defendant were at the time it is claimed the said crime was committed; whether the said Myrtle Rasler was injured or taken sick about the same time, and, if so, the nature and character of her injury or ailment; the circumstances under which the said Myrtle Rasler was injured or taken sick, if you find she was injured or taken sick; what was said or done by the defendant, if anything, in relation thereto; and all other facts and circumstances proven by witnesses other than the said Myrtle Rasler, fairly tending to corroborate the prosecuting witness, and tending to connect the defendant with the commission of the crime, if they do so tend, if you find the crime of rape, or assault with intent to commit rape, was in fact committed upon the said Myrtle Rasler." It will be noted that the court directed that the matters enumerated must be proven by other evidence than that of the child, and that all these relate to the confirmation of the child's claim that the offense was committed on the very night in question, and to showing that the defendant was the only person competent to commit the crime having access to the child. In this view the evidence to which attention was called was proper for the consideration of the jury as corroborating and was sufficient for a finding that the defendant was shown to be connected with the offense by other evidence than that given by the child. The alleged improbability of the evidence was for the jury, though, after a careful reading of the

record, we are not inclined to disagree with their conclusion.

III.    The defendant testified that he was a miner, had been injured in his private parts, and had had his side crushed about sixteen years previous by coal falling in the

**3. PHYSICAL EX-AMINATION OF ACCUSED.** mine, and that he had suffered a similar injury about seven years previous to the trial, and that, as a result, he had been without sexual desire since the first injury, and incapable of indulging in sexual intercourse.  His counsel then requested the court to allow the jury to retire to a private room and examine him.  The county attorney suggested that the jury might not be able to determine anything from an inspection, but that no objection would be urged against such an examination by one or more physicians.  Counsel for defendant responded that he wished the jury to have the best evidence, and, in reply to a question by the court as to whether he desired a commission of physicians appointed, responded that such was not the request; that he desired the jury to look at the parts. Thereupon the request was denied, and properly so.  His testimony did not indicate anything concerning the nature of his injuries, or that an examination would aid in determining his capacity.  Moreover such exhibitions are not tolerated in this State.  *Garvick v. Railway*, 124 Iowa, 691.

The record is without error, and the judgment is *affirmed*.