THE STATE OF IOWA, Appellee, v. GEORGE HERRINGTON, Appellant.

**Criminal law:** RAPE: AGE OF CONSENT: EVIDENCE: INSTRUCTIONS. An
1 instruction on a prosecution for rape committed on a child under the age of consent to the effect that her previous character was immaterial, since the statute prohibits intercourse under any circumstances with a child under fifteen years of age, but that evidence of her previous conduct should be considered as bearing on her credibility, was not objectionable as assuming that she was under the age of consent; where among the material allegations required to be proven by the state beyond a reasonable doubt, as set forth in other instructions, was the allegation as to her age.

**Same:** CORROBORATING EVIDENCE: INSTRUCTIONS. The instructions in
2 the instant case are held to fully state the rule that a conviction of rape can not be had on the testimony of the injured party alone, but that there must be other credible evidence independent of and corroborating that of prosecutrix, and tending to connect the defendant with the commission of the crime.

**Same:** EVIDENCE. Evidence reviewed and held sufficient to sustain
3 conviction for rape.

**Same:** INCLUDED OFFENSE: INSTRUCTION. Where a defendant is

4 either guilty of the offense as charged or is not guilty at all there is no included lesser offense for submission to the jury. As where defendant was charged with rape upon a child under the age of consent, and the evidence was conclusive that the crime was voluntary on the part of the prosecutrix, assault and battery was not an included offense.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

TUESDAY, JUNE 14, 1910.

INDICTMENT for rape upon a female child under fifteen years of age. Verdict of guilty and judgment thereon. Defendant appeals.—*Affirmed.*

*Sullivan & Griffin* and *C. W. Piersol,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,* Assistant Attorney-General, for the State.

EVANS, J.—The offense charged is alleged to have been committed in Sioux City on February 23, 1910. The prosecutrix was thirteen years of age and the defendant was thirty-three years of age. They met for the first time upon the streets of Sioux City on the evening of that day, and within a few minutes after such meeting they went to the private lodgings of the defendant, where the prosecutrix stayed all night. Up to this point the facts are undisputed. Under the testimony of the prosecutrix the crime was committed at such time and place. Under the testimony of the defendant, he admits meeting the prosecutrix as a stranger and taking her to his lodgings, and that she occupied the same, but he claims that he left her there, and sought other lodgings for himself.

· I.   The defendant complains of the eighth instruction given by the court to the jury on the alleged ground that it

assumed as an established fact that the prosecutrix was under fifteen years of age. Many authorities are cited to the effect that, notwithstanding that the testimony upon this question was undisputed, it was nevertheless in issue, and was to be determined by the jury. The State has no occasion to controvert the legal proposition contended for. Defendant's argument at this point places a construction upon instruction eight, which is not warranted. This instruction is as follows:

*1. CRIMINAL LAW: rape: age of consent: evidence: instructions.*

Par. 8. You will notice from the foregoing statute that it is immaterial as to what the previous character of the female was or what her prior conduct has been, for, as you observe, the law absolutely prohibits the having of sexual intercourse with a female under the age of fifteen years; but you are to consider all the testimony that has been offered and introduced before you touching her previous character and conduct as bearing upon the credibility of her testimony and the reasonableness of the story which she tells, and give it such weight and credit as you believe it is fairly and reasonably entitled to under all the facts and circumstances and evidence submitted to you.

In a previous instruction, the court had recited the provisions of the statute as applied to the offense charged in the indictment. In instructions 2 and 3 the court set forth the material allegations of the indictment, and charged the jury that the burden was upon the state to prove every one beyond a reasonable doubt. One of such material allegations specifically recited by the court was "that the said Florence Ward was then and there a female child under the age of fifteen years." This charge was emphasized by repetition in instruction 7. Instruction 8 was properly explanatory of the statute, and was in no sense inconsistent with the previous instructions here referred to.

II. The defendant complains of the alleged failure

of the court to instruct the jury "fully as to what con-
stituted corroborating evidence, and that such corroborating
evidence must be evidence other than that
coming from the prosecutrix." An examina-
tion of the record quite refutes defendant's
criticism at this point. The ninth instruction given by the
court is as follows: "You are instructed that under the
law a person can not be convicted of rape or assault with
intent to commit rape upon the testimony of the party
injured alone. There must be other testimony to justify a
conviction which corroborates and sustains her in her testi-
mony, insofar as by her testimony she seeks to connect
the defendant with the commission of the crime; that is,
you can not convict upon the testimony of the party in-
jured, Florence Ward, in this case, unless you find other
evidence which corroborates and sustains her and tends
to connect the defendant with the commission of the crime
charged." This requirement of the statute was further
emphasized in the eleventh instruction as follows: "That
is, the law requires that she be corroborated by some other
unimpeachable evidence in the case tending to connect
the defendant with the commision of the crime, but mere
opportunity on the part of the defendant to commit the
crime is not such corroboration as the law requires."
These instructions leave the defendant no ground of com-
plaint in this respect.

*2. SAME: corroborating evidence: instructions.*

It is also argued that there was no sufficient corroborat-
ing evidence. This point is without merit. The corrobo-
rating evidence in the case is unusually prominent. As-
suming that it was competent for the jury to
find upon the testimony of the prosecutrix
alone that the crime was committed by some one, the
defendant's own testimony was abundant corroboration
tending to connect him with the offense. In addition to
that, was the testimony of his landlady who discovered the
presence of the prosecutrix, and forbade the defendant

*3. SAME: evidence.*

from keeping her. There was considerable other testimony of greater or less weight, all of which confirmed the testimony already referred to. The defendant was a witness in his own behalf, and his own testimony was such as to leave no doubt of his guilt in the light of the other testimony in the case. We have read the evidence with care. It is sufficient to establish the guilt of the defendant, not only beyond a reasonable doubt, but quite beyond the possibility of doubt. It is argued that the prosecutrix, notwithstanding her tender years, was an abandoned character. Unfortunately such appears from this record to be only too true. But the defendant's own character stands in no better light.

III. The court in its instructions submitted to the consideration of the jury the crime of assault with intent to commit rape as the only included lesser offense. It is alleged by the defendant that the crime of assault and battery was an included lesser offense, and that the court should have so instructed the jury. Under the evidence in this case, the crime was voluntary on the part of the prosecutrix. There was no evidence tending to the contrary in any degree. There was therefore no basis in the evidence for any finding of assault and battery. The defendant was therefore guilty of the graver offense or he was not guilty at all. This has been our uniform holding heretofore in this class of cases. *State v. Stevens,* 133 Iowa, 684; *State v. King,* 117 Iowa, 492; *State v. Sherman,* 106 Iowa, 684. No other errors are presented for our consideration.

4. SAME:
included
offense:
instruction.

The judgment below must therefore be *affirmed.*