STATE OF IOWA, Appellee, v. EARL HOAGLIN, Appellant.

FEBRUARY 12, 1929.

*Hughes, Taylor, O'Brien & Faville,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, *Kenneth W. Nelson,* County Attorney, and *Jo R. Jaques,* Assistant County Attorney, for appellee.

WAGNER, J.—The question of interest in this case is as to what, if any, offenses should have been submitted as included offenses within the crime charged in the indictment and under the evidence, as disclosed by the record. The indictment is as follows:

"The grand jury of the county of Henry, in the name and by the authority of the state of

746

Iowa, accuses Earl Hoaglin of the crime of rape, committed as follows: For that the said Earl Hoaglin, on or about the 31st day of July, in the year of our Lord, 1926, in the county and state aforesaid, did carnally know and abuse a female under the age of 17 years, to wit, Ethel Coen, she being at that time less than 17 years of age, and the defendant, Earl Hoaglin, at the time being over the age of 25 years, contrary to and in violation of law."

It is provided by Section 13920 of the Code of 1924 that the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment. It is also provided by Section 13918 of the Code that, where there is a reasonable doubt of the degree of the offense of which the defendant is proven to be guilty, he shall only be convicted of the lower degree. All crimes in this state are statutory. However, members of the profession frequently speak of "common-law rape" and "statutory rape." In many instances in our criminal code, the act or acts constituting a crime are designated, and the crime named. To illustrate, Section 12910 of the Code designates the act and names the crime as murder. In Section 12979 of the Code, after defining the crime, the words used are, "shall be deemed guilty of sodomy." In Section 12994, the acts constituting the offense are designated, and said legislative enactment provides: "He shall be guilty of burglary." In Section 13005, after naming the acts which constitute the offense, the statutory law provides: "He is guilty of larceny." In Section 13038, after providing what constitutes the offense, it is further provided, "He is guilty of robbery." Likewise in Sections 13162 and 13165, it being provided in the former section that "they are guilty of a conspiracy," and in the latter section, "He is guilty of perjury."

Our statute does not provide in terms that the commission of certain acts shall constitute the crime of "rape." It is true that the word "rape" appears as a heading to Chapter 566 of the Code. However, this caption was placed there by the editor of the Code. Section 12966 thereunder provides:

"If any person ravish and carnally know any female of the age of 16 years or over, by force or against her will, or if any

person under the age of 25 years carnally know and abuse any female child under the age of 16 years, or if any person over the age of 25 years carnally know and abuse any female under the age of 17 years, he shall be imprisoned in the penitentiary," etc.

It will be observed that the word "rape" is not used in the statute. Section 12967 provides for punishment of a person who unlawfully has "carnal knowledge of any female by administering to her any substance, or by any other means producing such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance," or who has "such carnal knowledge of an idiot or female naturally of such imbecility of mind or weakness of body as to prevent effectual resistance." It will also be observed that the word "rape" is not used in this section. The sole remaining section of said chapter, to wit, Section 12968, provides: "If any person assault a female with intent to commit a *rape* [the italics are ours], he shall be imprisoned," etc. The question naturally arising is: Are the various acts described in Section 12966 rape, within the meaning of Section 12968? The common-law definition of rape is "the having of unlawful carnal knowledge by a man of a woman [female], forcibly and against her will, or, according to the definition preferred by some authorities, it is the unlawful carnal knowledge of a female by force and without her consent." 22 Ruling Case Law 1171. In the same volume of Ruling Case Law, at page 1172, we find the following appropriate language:

"In England, and in practically all of the states of this country, carnal knowledge of a girl under a stated age, with or without her consent, is made a crime by statute. In England, the statutory crime is not denominated 'rape,' and the English judges have escaped the confusion of ideas which in this country has no doubt arisen from the fact that two essentially different crimes have been called by the same name. In this country, however, the offense has come to be known generally as statutory rape, and is denominated rape in many states."

It is thus manifest that, when the term "statutory rape" is used, it refers to the last two acts designated as a crime in Section 12966 hereinbefore quoted.

It will be observed that the acts mentioned in Section 12966 of the Code,—to wit, "if any person ravish or carnally know

any female * * * by force or against her will,''—constituted rape under the common law, although not denominated rape in the statute. The remainder of the section provides the same punishment for the carnal knowledge and abuse of any female child under 16 years of age, and for the carnal knowledge and abuse of any female under 17 years of age when the perpetrator is over 25 years of age. The question is: Are the various acts described in Section 12966 rape, within the meaning of Section 12968? If not, then we must go to the common law for the definition of rape, in the application of Section 12968. If we do so, then there could be no assault with intent to commit the two latter offenses described in Section 12966, as they do not constitute rape at common law. In that event, there could be no assault with intent to commit rape, except for the first offense designated in Section 12966. On the other hand, if we construe the various acts mentioned in Section 12966 as constituting rape, then there can be an assault with intent to commit the two latter acts mentioned in said section. We are disposed to adopt this latter construction. Therefore, the charge of ''rape'' based on any portion of Section 12966 must necessarily include assault with intent to commit rape. Assault with intent to commit rape is made up of two elements: one is assault; the other is intent. It necessarily follows that, if a charge of rape includes assault with intent to commit rape, it must include an assault. It would be an anomalous proposition to say that the crime of rape includes the crime of assault with intent to commit rape, and does not include a simple assault; for the assault is the basis of the whole charge, in assault with intent to commit rape.

A charge of rape also includes assault and battery; for a battery is only the completion of an assault. The very first act in the perpetration of the crime of rape is an assault. If, at the time of making the assault, the perpetrator has the intent to commit the crime of rape, he is instantaneously guilty of assault with intent to commit rape. If he completes the act by penetration of the body of the female, and she be under the prohibited age, he is then guilty of the crime of rape. However, if, at the time of making the assault, it be against the will, or not with the consent, of the prosecutrix, and he does not have the intent to commit rape, and does not proceed any further, he is guilty of nothing except the crime of assault. If, not having the intent to

commit rape, he comes in contact with the body of the female, and said contact is against the will, or not with the consent, of the prosecutrix, he is then guilty of the completed assault, to wit, assault and battery.

In an early case, *Benham v. State,* 1 Iowa 542, the indictment was for mayhem, but did not in terms charge the commission of the crime of assault and battery. The defendant was convicted of the latter offense. It was the claim of the defendant that under the indictment he could not be convicted of the crime of assault and battery. This court held against the defendant, and quoted approvingly from *McBride v. State,* 2 Eng. (Ark.) 374, the following:

" 'Every attempt to commit a felony against the person of individuals involves an assault. Prove an attempt to commit such felony, and prove it to have been done under such circumstances that, had the attempt succeeded, the defendant might have been convicted of the felony, and the party may be convicted of an assault with intent to commit such felony. If you fail in proving the intent, but prove the assault, the defendant may be convicted of the common assault.' "

It is further stated in said case:

"The defendant insists, however, that, as the indictment does not allege an assault, in charging the offense, therefore the verdict of the jury was not warranted; or that, while the major may include the minor offense, yet words must be used in the indictment showing that such minor offense was committed. If, however, the indictment charges an offense under the section of the law claimed to have been violated, then, we think, whatever offense is necessarily included in that charged, may be punished, though there may be no words specifically designating the offense so included."

- This court has universally held that the charge of what is commonly termed "statutory rape" includes assault with intent to commit rape. In some cases we have held that it was not necessary for the court to submit to the jury the crime of assault with intent to commit rape. We so held in *State v. Speck,* 202 Iowa 732. In said case, the defendant had admitted the intercourse, and the act was conclusively proven. We there said:

"It is thoroughly well settled by repeated decisions of this court that the failure to instruct on included offenses is not error where the evidence shows that the accused is guilty of the higher offense or of none at all."

However, it is manifest that the crime of assault with intent to commit rape is included in the charge of rape, and that it is a rare exception when the submission of the latter offense to the jury will not be required.

There is some confusion in our cases as to when the lesser offenses of assault and assault and battery, included within the charge of what is commonly termed "statutory rape," should be submitted to the jury. We shall not endeavor to harmonize the conflicting authorities. It will be our effort to lay down the proper rules for the guidance of courts and members of the profession in the future.

In *State v. Trusty*, 118 Iowa 498, the indictment charged the defendant with what we have termed "statutory rape." The court submitted to the jury only the question as to whether or not the defendant was guilty of the crime of rape. We there said:

"In this there was manifest error. The charge included not only rape, but assault with intent to commit rape, assault and battery, and simple assault. * * * There was evidence from which the jury might have found defendant guilty of any one of these included offenses * * *."

In *State v. Hutchinson*, 95 Iowa 566, the indictment charged the defendant with "statutory rape." The court instructed that the defendant might be convicted of an assault and battery or a simple assault, and it was urged that this was error, because, as claimed, these crimes were neither charged nor included in the one charged in the indictment. We there held that an indictment charging carnal knowledge and abuse charges both assault and battery and simple assault.

In *State v. Heft*, 148 Iowa 617, we held, in effect, that an indictment charging statutory rape includes the crime of assault.

In *State v. Vinsant*, 49 Iowa 241, the indictment was for rape upon a female child a little more than ten years of age.

The court failed to submit to the jury the crime of simple assault. We there said:

"We think that, under the indictment, the defendant might, if the evidence warranted it, have been convicted of a simple assault."

In *State v. Brooks*, 181 Iowa 874, the indictment charged the defendant with rape upon a female under the age of consent. The court did not submit the crimes of assault and battery and simple assault to the jury. We held that they should have been submitted. We there said:

"This brings to us whether it was error to exclude assault and battery and simple assault from consideration. If there be no special reason that justifies their exclusion in the particular case before us, we are constrained to say the exclusion was erroneous, because all authorities agree that, on a charge of rape, these are included offenses, and that all included offenses should ordinarily be submitted. No one will question this in cases where the one assaulted is above the age of consent. The same is ordinarily true of assault when she is below that age."

Upon the question as to whether the evidence was such as to warrant the withdrawal from the jury of the included offenses, we therein made the following pronouncement:

"Though there is some confusion in the cases, we think the right rule is: Since a verdict may not be directed against the defendant, and since an exclusion of an included offense is, in a sense, a direction for him, it is proper to rule that defendant shall not be put on trial for an included offense if it would be proper to direct a verdict of acquittal, were he charged with that offense alone."

As it occurs to us, the foregoing pronouncement is the correct criterion. If an information were filed against a defendant charging him solely with assault and battery, which includes simple assault, and both of which offenses are included in the crime of rape, would the court, under the evidence, be justified in directing a verdict for him? If yea, then said offenses included in the charge of rape need not be submitted to the jury. If nay, then the court is in error in failing to submit said of-

fenses. If the court, under the evidence, would be justified in directing a verdict for either one of said offenses, then said offense need not be submitted.

While it is true that, in some of our cases, we have justified the refusal of the court to submit the included offenses, yet our holding in said cases is not for the reason that the offense or offenses not submitted were not included in the charge of "statutory rape," but because we held that, under the evidence, the included offenses should not have been submitted. See *State v. Speck*, 202 Iowa 732; *State v. Jones*, 145 Iowa 176; *State v. Sherman*, 106 Iowa 684; *State v. King*, 117 Iowa 484; *State v. Herrington*, 147 Iowa 636.

The confusion which has crept into some of our cases has arisen because of the failure to make the proper distinction between cases where the indictment charges "statutory rape," and cases where the indictment charges only assault with intent to commit "statutory rape." An indictment charging rape (statutory or otherwise) charges the included offenses of assault with  intent to commit rape, simple assault, and also assault and battery. An indictment charging assault with intent to commit rape (statutory or otherwise) charges assault, and it may be so drawn as to charge assault and battery. Whether or not the indictment for assault with intent to commit rape charges assault and battery will depend solely upon the wording of the indictment. This is true with all offenses of assault with intent to commit some other offense, such as assault with intent to commit murder, or assault with intent to inflict great bodily injury, etc. In *State v. Costello*, 200 Iowa 313, the charge was assault with intent to inflict great bodily injury, and the defendant was convicted of said offense. The court submitted assault and battery to the jury. We there held that assault and battery was not charged in the indictment, but that the submission of said offense was not prejudicial, because the jury found the defendant guilty of assault with intent to inflict great bodily injury. We refer to this case as substantiating the statement that the wording of the indictment is determinative as to whether or not an indictment charging assault with intent to commit rape charges assault and battery. If, in the *Costello* case, the crime charged had been assault with intent to commit rape, it would not have

charged the crime of assault and battery. However, an indict-
ment charging assault with intent to commit rape may be so
drawn as to charge assault and battery.

It is also manifest that there may be an assault with intent
to commit rape without an assault and battery, as there could be
an assault with intent to commit rape without the perpetrator's
coming in contact with the person of the prosecutrix. See *State
v. McDevitt*, 69 Iowa 549; *State v. Desmond*, 109 Iowa 72; *State
v. Miller*, 124 Iowa 429; *State v. Johnson*, 133 Iowa 38; *State v.
McAvoy*, 73 Iowa 557; *State v. Ellington*, 200 Iowa 636; *State v.
Woodworth*, 168 Iowa 263.

It is obvious that, where an indictment for assault with in-
tent to commit rape fails to charge a battery, then it would be
improper for the court to submit to the jury the crime of assault
and battery. See cases above cited. In *State v. Ellington*, supra,
the charge was assault with intent to commit rape. In holding
that the court properly refused to submit to the jury the crime
of assault and battery, we there said:

"There is no charge in this indictment that appellant did
anything more than make an assault with intent to accomplish
the act by force. More than this is required to include a charge
of assault and battery."

It is true that the writer of the opinion quotes from *State v.
Ockij*, 165 Iowa 237, the following:

"Furthermore, in rape cases it depends upon the form of
the indictment, as well as upon the evidence, whether the in-
structions should cover lower included offenses."

This last-quoted portion in the *Ellington* case is pure dictum
in the *Ockij* case, as the charge there was assault with intent to
commit murder, and the writer of the opinion in the *Ockij* case,
in support of the aforesaid dictum, cites *State v. Desmond*,
supra; *State v. Miller*, supra; *State v. Johnson*, supra; and *State
v. Egbert*, 125 Iowa 443,—in all of which cases the indictment
did not charge rape, but charged assault with intent to commit
rape.

*State v. Tennant*, 204 Iowa 130, should be noticed at this
point. The crime charged was statutory rape. Complaint was
made by the defendant because of the failure of the court to

submit to the jury the crimes of assault and assault and battery. We there said:

· "Complaint is also made of the failure of the court to submit assault, and assault and battery, to the jury. The indictment does not charge that the act was accomplished by force or against the will of the prosecutrix. It is only when the indictment so charges that assault, or assault and battery, should be submitted as included offenses. *State v. Ellington*, 200 Iowa 636. The cited case reviews our prior decisions on this subject, making all necessary distinctions, and no further reference to this subject is necessary."

It is apparent that the *Ellington* case, cited at this point in the *Tennant* case, has no bearing whatever upon a case where the crime charged is statutory rape, but only where the crime charged is assault with intent to commit rape. Every case referred to in the *Ellington* case was one where the charge was assault with intent to commit rape, except *State v. Brooks*, 181 Iowa 874, where it is held, as hereinbefore stated, that, where the indictment charges rape, assault and battery and simple assault are included offenses.

It being our conclusion that the charge of statutory rape includes assault with intent to commit rape, assault and battery, and simple assault, what is said to the contrary in *State v. Tennant*, supra, in Subdivision V thereof, or any of our other previous cases, including the aforesaid dictum quoted in the *Ellington* case, is hereby overruled. Much of the confusion in our previous cases has arisen from a failure to distinguish between the abstract question of what is an included offense in the charge of rape, and the question of when included offenses should, under the evidence in the case, be submitted. When an indictment or county attorney's information charges a defendant with the crime of rape (statutory or otherwise), it also charges him with the included offenses, to wit: assault with intent to commit rape, assault and battery, and simple assault. Whether or not the court should submit any one or more of these included offenses depends wholly upon the evidence.

This brings us to the consideration of the question as to whether or not the court should have submitted the included offenses of assault and battery and simple assault. The court

submitted only the crime of rape and assault with intent to commit rape. Under the record, can it be said, as a matter of law, that the defendant was clearly guilty of either one of said offenses or not guilty at all? If the defendant had been charged solely with the crime of assault and battery, would the court, under the record, as disclosed by the evidence, have been justified in directing a verdict for him?

The prosecutrix testified that the act of sexual intercourse occurred under the amphitheater at the fairgrounds, on the afternoon of July 31, 1926; that she and the defendant drove into the fairgrounds in an automobile; that they got out of the car, and went into the amphitheater; that she noticed a man working at the west end of the amphitheater; that she and the defendant went down below the amphitheater and to the east end, where there was a bench; that two men came along the north side of the building, and the defendant went and talked to them, and came back, and said that they were his "buddies;" that defendant put his arm around her shoulder, and asked her if she was going to let him do something; that she answered in the negative; that the defendant stepped up and put his arm against her neck, and threw her back on the table, put his knee between her legs, and she could feel him fumble with his clothing; that the defendant untied the string in her bloomers, and pulled them down off one leg; that he held her hands above her head; that she started to cry; and that he told her that those men that were there were his "buddies," and they would come back and help him hold her; that the completed act of sexual intercourse occurred between them; that he injured her, and forced her to do it; that she was too frightened to call; that no man could have done worse to her than Earl Hoaglin did.

The mother of the prosecutrix testified that, the next morning, she noticed bruises on the arms of the prosecutrix.

While the defendant admits that he and the prosecutrix were under the amphitheater at the time in question, he denies the act of intercourse, or any impropriety toward the prosecutrix; denies that he misused her in any way; denies that he removed her bloomers, or that he even so much as placed his hands upon her.

The State, in its argument, makes the following declaration:

"On the trial, prosecutrix testified that, when the defendant

made his improper proposal to her, that she refused, and that he then physically forced her to submit to sexual intercourse by forcibly throwing her down on a table and by placing his forearm under her chin, and thus holding her in this position while he partially removed from her person her bloomers, and then proceeded to accomplish his purpose. Her testimony also discloses that, after the defendant had finished preparation for the consummation of the act, that he then held both of her hands while he actually consummated the act. The defendant, as a witness, denied that any such an occurrence took place at all. He denied on the witness stand that he ever proposed that they indulge in sexual intercourse, or that he ever attempted to force the prosecutrix to submit to him. There can be no question, from the record in this case, but what the evidence discloses that force was in fact used.''

In view of the aforesaid testimony, admitted by the State in its argument, how can it be said that there is no evidence of assault and battery and of simple assault? Under this record, it cannot be said, as a matter of law, that the defendant is guilty of either one of the crimes submitted to the jury or of no crime at all. Had the defendant been charged solely with the crime of assault and battery, the court would not have been justified in directing a verdict for him.

It is true that a girl, though under the age of consent, may consent to such acts as fondling of her person, and thus avoid the submission to the jury of assault and battery and simple assault. *State v. Roby,* 194 Iowa 1032. In said case, we made the following pronouncement:

''The trial court properly instructed the jury that defendant could not be convicted of the crimes usually included in such a charge as this,—of simple assault or assault and battery, —because the prosecuting witness consented, and could legally consent, to the touching of her person.''

The evidence of the prosecutrix in the instant case is to the effect that whatever was done by the defendant was without her consent and against her will. Therefore, there is evidence in the record of assault and assault and battery.

In *State v. Herrington,* 147 Iowa 636, *State v. Stevens,* 133 Iowa 684, and *State v. King,* 117 Iowa 484, we upheld the lower

court in not submitting any included offenses lower than assault with intent to commit rape, because the record in each case disclosed that the prosecutrix consented to whatever was done by the defendant. In the *Herrington* case, we said:

"Under the evidence in this case, the crime was voluntary on the part of the prosecutrix. There was no evidence tending to the contrary in any degree. There was, therefore, no basis in the evidence for any finding of assault and battery. The defendant was, therefore, guilty of the graver offense, or he was not guilty at all."

In the *Stevens* case, we declared:

"In the absence of evidence of force in the perpetration of the offense, save as incident to the act charged, and in view of the defendant's denial, we think he must have been found guilty of one of the higher offenses, or acquitted * * *."

In the *King* case, we made the following pronouncement:

"The court submitted to the jury only the offense charged and that of an assault with intent to commit rape. All done was with the consent of prosecutrix, and, unless defendant was guilty of one of the above crimes, he was entitled to an acquittal. An omission to charge the jury concerning an offense of a lower degree, included in that alleged, of which there is no evidence, is not error."

Since there was evidence of lack of consent by the prosecutrix to the acts of the defendant, whatsoever they were, it cannot be said that there was no evidence of assault and battery and simple assault, and that, under the record, the defendant is guilty of one or the other of the crimes submitted to the jury or not guilty at all. Under the record in this case, it was prejudicial error for the court to refuse or fail to submit the included offenses of assault and battery and simple assault, and because of said error, the judgment of the trial court must be, and is hereby, reversed.

We have carefully considered all other complaints, and relative thereto find no prejudicial error, or they are such as are not likely to occur on a new trial, which, from the foregoing, becomes inevitable.

For the reasons hereinbefore expressed, the judgment of the trial court is hereby reversed, and the cause remanded.—*Reversed and remanded.*

ALBERT, C. J., and EVANS, DE GRAFF, and KINDIG, JJ., concur.

FAVILLE, J., not participating.

STEVENS, J. (specially concurring).—In order that the confusion and conflict in our prior decisions may be removed, and a definite rule established, I concur in the foregoing opinion. In doing this, I do not, however, accept the reasoning by which the conclusion is reached.

Section 12966, Code of 1927, defines two offenses: one, carnal knowledge of a female by force and against her will, and the other, carnal knowledge of a female under the age of 17 years. The crime first defined can be accomplished only by the use of force. Carnal knowledge of a female under 17 years of age is a crime, although accomplished with her full acquiescence and assent. By common usage, these two offenses are called "rape."

Section 12968, Code of 1927, defines assault with intent to commit rape as follows: "If any person assault a female with intent to commit a rape * * *"

Section 13920, Code of 1927, provides that:

"The defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

All agree that, if the offense charged was committed upon a female over 17 years of age, assault with intent to commit rape, assault and battery, and simple assault are included.

The opinion holds, in harmony with a distinct line of authorities in this country, that a female child under the age of 17 years may consent to assault and battery and simple assault; that, to justify the submission of these offenses, the use of some force must be shown; and negatively, that, if none is shown, only the higher offense should be submitted. This, in my opinion, is illogical. As said in *Davis v. State,* 31 Neb. 247 (47 N. W. 854):

" * * * to speak of an assault upon her [a female child] without her consent, with intent to carnally know and abuse her

with her consent, seems to involve a contradiction in terms. But when it is once considered that the intention of the law is to declare that a young girl shall be deemed incapable of consenting to such an act to her injury, and that evidence of any consent by her shall be incompetent in defense to an indictment therefor, and that, although she gives a formal and apparent consent, yet in law, as in reality, she gives none, because she does not and cannot take in the meaning of what is done, all legal difficulty disappears, and the conclusion may properly be reached that the assault is without her consent, and against her will.' '':

If the female child is incapable of consenting to the consummated act, then any touching of her body for that purpose is unlawful, and constitutes an assault and battery. The act is impossible of consummation with the assent of the female without coming in contact with her unlawfully if the offenses of assault with intent to commit rape, assault and battery, and simple assault, are included offenses, within the definition contained in Section 13920. Unless the so-called lesser degrees are necessarily included in the higher, they do not exist. Either every step necessary to the consummation of the act with the assent of the female is unlawful, or no lesser offenses can be included. As said in many cases, assent of the female under 17 years of age is immaterial.

The question as to whether included offenses should or should not be submitted to the jury does not, in my judgment, depend at all upon the evidence, unless the consummated act was accomplished by force, which, in such case, must be charged in the indictment. If the act is accomplished by the actual assent of the female, but such consummated act is preceded by an assault or assault and battery, these offenses are distinct and independent, not *necessarily* included in the crime charged, and should, in no respect, control the court in the submission of *necessarily* included offenses. To justify submission, the lesser offense must be one necessarily included in the higher.

I am authorized to say that Mr. Justice Evans concurs in this view.

Either the included offenses must be submitted in every case in which the act is voluntary and with the assent of the female, or they should not, in the absence of a charge of common-law rape, be submitted at all. It is my opinion that the crime con-

sists solely in the carnal knowledge of a female under the age of 17 years, and that no lesser offense is *necessarily* included therein, and therefore, only the crime charged should be submitted to the jury.

Each of the foregoing views is supported by eminent authority, but I know of no authority supporting the rule adopted by the majority. I think the better and correct view is that, when the act is accomplished with a female child under the age of consent, by the voluntary or willing assent, only the crime of rape is committed, and no lesser degrees are necessarily included. There is, in such case, no assault or assault and battery, within any definition of those offenses.

I am authorized to say that Mr. Justice Kindig concurs in this view.