STATE OF IOWA, Appellee, v. CLAUDE SWOLLEY, Appellant.

No. 41298.

OCTOBER 26, 1932.

REHEARING DENIED JANUARY 21, 1933.

Yeaman & Yeaman and E. O. Bundy, for appellant.

John Fletcher, Attorney-general, and Neill Garrett, Assistant Attorney-general, for appellee.

FAVILLE, J.—The indictment in terms charges the appellant with the crime of rape, and alleges that the act was committed upon the prosecutrix, who "was then and there a female idiot or a female naturally of such imbecility of mind or weakness of body as to prevent effectual resistance." The appellant moved for a directed ver-

dict, and among other grounds urged that the evidence "affirma-
tively showed that the prosecutrix is not an imbecile within the
meaning of the statute under which this indictment is found." The
motion was made at the close of all the testimony and was over-
ruled by the court.

The State makes no claim that the prosecuting witness is an
idiot, and no attack is made upon the indictment. The State's con-
tention is that the prosecutrix comes within the provisions of the
statute (Code, Section 12967) which provides for punishment of
any person who has unlawful carnal knowledge of any female "na-
turally of such imbecility of mind or weakness of body as to pre-
vent effectual resistance."

Each member of the court has carefully read the entire record
on this subject, and a majority are of the opinion that a jury ques-
tion was presented on the question of the imbecility of the prosecu-
trix. The minority of the court, which includes the writer, are of
the opinion that the motion for a directed verdict should have been
sustained upon the ground of the insufficiency of the evidence to
show beyond a reasonable doubt the imbecility of the prosecutrix.

In this situation, and in view of a reversal and possible retrial,
we deem it unnecessary to review the evidence in this opinion or
make further comment thereon.

II. The appellant contends that the trial court erred in sub-
mitting to the jury the included offense of assault with intent to
commit rape. Broadly speaking, it is the appellant's contention that
there is no such crime named in the statute as rape.

This is true. We recently had before us the question of so-
called "common-law rape" and "statutory rape," and fully discussed
the provisions of the statute, Code Section 12966. State v. Hoaglin,
207 Iowa 744. Code Section 12966 is the section that provides for
the punishment of what is known as "common-law rape," and also
so-called "statutory rape." The statute under which the charge in-
volved in this action is brought is, however, a separate section. It is
Section 12967, and provides for the punishment of any person who
has unlawful carnal knowledge of a female by administering to her
any substance, or by any other means procuring such stupor or such
imbecility of mind or weakness of body as to prevent effectual re-
sistance, or has such carnal knowledge of an idiot or female na-
turally of such imbecility of mind or weakness of body as to pre-
vent effectual resistance.

Since the organization of the state we have never had a statute which in terms has designated a crime of this character by the word "rape." The Code of 1851 (Section 2581), like the present Code, provided for the punishment of any person who shall ravish and carnally know any female by force and against her will. Various changes were made in the statute from time to time. The Revision of 1860 contained a new section providing punishment for anyone having unlawful carnal knowledge of a female by administering to her any substance procuring stupor or imbecility of mind, and the Code of 1873 amended the latter statute by adding to said section the provision for the punishment for carnal knowledge of an idiot or female naturally of such imbecility of mind or weakness of body as to prevent effectual resistance. None of the statutes used the word "rape." Section 12968 (Code, 1931) provides for the punishment of any person who shall "assault a female with intent to commit a rape." The contention of the appellant is that the statutory offense of having carnal knowledge of a female naturally of such imbecility of mind or weakness of body as to prevent effectual resistance is not rape, and therefore the appellant could not be guilty under Section 12968 of assault with intent to commit rape.

We discussed the question fully in the Hoaglin case with respect to assault with intent to commit so-called "statutory rape," which is included in the provisions of Section *12966*. The offense charged in this indictment under Section *12967* is as much so-called "statutory rape" as the offense of "statutory rape" described in Section 12966, where the age of the parties is the essential element.

Following the rule of the Hoaglin case, we hold that the offense of assault with intent to commit a rape, under Section 12968 of the Code, was an included offense in the crime charged in the instant case under Section 12967, to wit, that of unlawful carnal knowledge of an imbecile, and that therefore the court did not err in submitting to the jury the included offense of assault with intent to commit a rape.

III. The appellant contends that the court erred in not submitting to the jury as included offenses assault and battery and simple assault.

We had this question before us in the Hoaglin case, where it was discussed at length. We therein said:

"An indictment charging rape (statutory or otherwise) charges

the included offenses of assault with intent to commit rape, simple assault, and also assault and battery."

Again in said opinion we said:

"When an indictment or county attorney's information charges a defendant with the crime of rape (statutory or otherwise), it also charges him with the included offenses, to wit: assault with intent to commit rape, assault and battery, and simple assault. Whether or not the court should submit any one or more of these included offenses depends wholly upon the evidence."

Following the rule so recently announced, it must be held that the indictment in the instant case charges the appellant with the crime of statutory rape, and it therefore follows that it also charges him with the included offenses of assault with intent to commit rape, assault and battery, and simple assault. In the Hoaglin case we held that whether or not the court should submit any one or more of these included offenses "depends wholly upon the evidence." The court did submit the crime of assault with intent to commit rape. It did not submit the crimes of assault and battery and simple assault. Under the evidence, the court erred in failing to submit the crimes of assault and battery and simple assault. The evidence in behalf of the State had a tendency to show, and the jury might have found, that the appellant unlawfully laid hands upon the prosecuting witness, came in contact with her body, forcibly removed portions of her clothing, and completed the act of intercourse. Under the record the evidence was such that the jury might have found the appellant guilty of assault and battery or simple assault. It therefore follows that inasmuch as these offenses are included within the offense charged, to wit, that of so-called statutory rape, and there being evidence in the record from which the jury might have found that the appellant was guilty of assault and battery and simple assault, the court erred in not submitting to the jury these included offenses.

For the reasons pointed out in this opinion, the judgment of the district court must be, and it is,—Reversed.

All justices concur in result.

STEVENS, C. J., and ALBERT, WAGNER, and FAVILLE, JJ., dissent as to Division I.