STATE OF IOWA, Appellee, v. WILLIAM A. INGRAM, Appellant.

No. 42296.

JANUARY 8, 1935.

Richard E. Reichmann and Edward Robinson, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, Carl A. Burkman, County Attorney, and Francis J. Kuble, Assistant County Attorney, for appellee.

DONEGAN, J.—The defendant was indicted and convicted of the crime commonly called statutory rape committed upon his daughter, who was then under fifteen years of age. From such conviction, he appeals.

Several errors are alleged by appellant as grounds for reversal. The appellee contends that these alleged errors cannot be considered, for the reason that they have not been properly preserved, and for the further reason that the statements of such errors do not conform to the rules of this court. Without going into a discussion as to the necessity of preserving errors or the application of the rules of this court in criminal cases, we may say that sufficient has been set out from which we are able to determine the chief grounds of appellant's contention that the case

should be reversed, and that, in a criminal case involving the serious penalty imposed in this case, we do not feel inclined to avoid a full inquiry because of technical provisions of our statutes or rules.

I. Defendant's first ground for reversal is that the verdict was contrary to and not supported by the evidence. We have read not only the abstract of the evidence but the transcript thereof, and we find no support for this contention of the appellant. It is true that this court will not hesitate to set aside a verdict in a criminal case, if it is clearly against the weight of the evidence. In this case, however, there is ample evidence to support the verdict.

II. It is contended by the appellant that the verdict is contrary to law, because there was not sufficient corroboration, and because an instruction given by the court did not require the corroboration to be proved beyond a reasonable doubt. The state, upon the motion of the defendant, was required to elect as to which one of the several alleged acts of intercourse with the prosecutrix it would stand upon, and elected to stand upon the act which it claimed was committed about the end of December, 1932. There was direct corroboration as to this act by the sister of the prosecutrix. It is claimed, however, that the instruction given by the court did not require the corroboration to be proved beyond a reasonable doubt. The jury was properly instructed that the defendant could not be convicted unless there was evidence, other than that of the prosecutrix, tending to connect him with the commission of the crime. The instruction given was substantially the same as that given in State v. Bosch, 172 Iowa 94, 153 N. W. 73, which, although subject to criticism, we held it to be free from reversible error. We think that, as stated in that case, "taking the charge as a whole, it states clearly the usual rules as to the necessity that each and every material fact in the state's case be established beyond a reasonable doubt."

III. Several objections are made to the trial court's rulings on evidence. It is alleged that the court erred in allowing prosecutrix to testify as to her angry feelings toward the defendant. The witness in this case was describing her own feelings and not those of some other person, as was true in the cases cited by appellant.

It is claimed that the trial court erred in allowing a doctor to testify as to the possibility of intercourse with the prosecutrix when she was nine years of age. This evidence was received in response to a question as to the possibility of such intercourse with a child of that age. It involved the doctor's expert knowledge as to the development of the organs in a child of that age, and was not subject to the objection made in cases cited by appellant where a doctor was allowed to give his opinion as to matters which were not the subject of expert testimony. Objection is also made to the court's ruling on evidence as to the details of a conversation between the prosecuting witness and her aunt, which occurred several months after the alleged wrongful intercourse. This evidence was not introduced for the purpose of establishing the fact that complaint had been made, as appellant seems to claim. It was not brought out by the state until after the appellant, on cross-examination of the prosecutrix, had developed the details of the conversation to which objection was later made. We find no reversible error in the rulings on evidence of which complaint is here made.

IV. It is urged that the trial court erred in refusing to allow the appellant, as a witness, to testify to trouble which he had had with his wife, and the wife's avowed purpose of marrying another man, as tending to show the wrongful motive actuating the prosecution. Appellant cites State v. Jackson, 128 Iowa 543, 105 N. W. 51, in support of his claim that this was prejudicial errror. In our opinion, the case cited does not support the appellant's contention. In that case the court instructed the jury that they might consider whether the prosecution was conducted for the purpose of vindicating the criminal law or for the collection of a debt, and the instruction was condemned. In its discussion the court stated that the motive of a prosecuting witness or of any witness could be shown for the purpose of testing his credibility, but there is nothing in that case that sustains the allegation of error relied on in this case. The appellant's wife was not a witness in this case, and the matters which he offered to prove and which were refused by the court did not tend to prove an improper motive for the prosecution, even if this were permissible. Moreover, the trouble which appellant alleged occurred between himself and wife happened several years before the trial of the case. We find

no error in the court's refusal to allow the evidence in question to be introduced.

V. Complaint is made as to the court's instruction No. 4 in which the jury was told:

"The indictment in this case charges that the defendant committed the crime of rape upon the prosecuting witness Lorrene Ingram. In said charge in the indictment, however, is included the crime of assault with the intent to commit rape. If, under the evidence, and the law as given you by the Court in these instructions, you find the defendant guilty, you should find him guilty of the highest degree of crime included in the indictment of which you shall find him to be guilty beyond a reasonable doubt."

It is claimed by appellant that this instruction does not comply with the requirements of section 13918 which provides that, "where there is a reasonable doubt of the degree of the offense of which the defendant is proven to be guilty, he shall only be convicted of the lower degree." It is alleged that the language of the instruction given was so indefinite and ambiguous that the jury was probably misled into believing that they should find the defendant guilty of the highest degree of crime with which he was charged. In our opinion, the instruction is not vulnerable to the objection thus made to it. The language used is similar to that used in an instruction complained of in State v. Butler, 157 Iowa 163, 138 N. W. 383, in which the instruction was sustained. In that case, however, it was suggested that the court might well have indicated the law by quoting the statute. As in that case, so in this case, the jury must have understood from the entire charge that it could not find the defendant guilty of rape unless all the essentials of that crime were established beyond a reasonable doubt, but that in case they did not find him guilty of rape they should consider the included offense. A correct instruction was given covering the essential elements of the included offense of assault with intent to commit rape and the jury was told that if the state had failed to prove any of these essentials beyond a reasonable doubt they should return a verdict of not guilty. We think the instruction complained of, when taken with the entire charge, was such that the jury understood therefrom that the defendant could not be convicted of either rape or assault with intent to commit rape unless they found him

guilty of such offense beyond a reasonable doubt. We find no error in this instruction.

■ ■ VI. Further complaint is made that the court erred in its instruction No. 12 in telling the jury that the evidence as to other acts of intercourse was allowed to be introduced for the purpose only of proving the intent of the appellant. Appellant contends that the jury should have been instructed that this evidence might be considered also in determining whether or not there was consent on the part of the prosecuting witness. It must be remembered that, in this case, the crime is alleged to have been committed upon a female under the age of consent, and that the evidence could not have been considered by the jury for the purpose which the appellant claims for it. The instruction given is supported by the holdings in this court in the cases of State v. Johnson, 133 Iowa 38, 110 N.W. 170; State v. Norris, 127 Iowa 683, 104 N.W. 282; State v. Carpenter, 124 Iowa 5, 98 N.W. 775; State v. Crouch, 130 Iowa 478, 107 N.W. 173; State v. Powers, 181 Iowa 452, 164 N.W. 856.

■ VII. It is contended that the trial court erred in failing to instruct the jury as to the included offenses of assault and battery and assault, and several cases are cited in support of this contention. Prior to the case of State v. Hoaglin, 207 Iowa 744, 223 N.W. 548, there appears to have been some confusion in some of our cases in regard to the necessity of an instruction as to assault and battery and simple assault being included offenses where the crime charged was what is known as statutory rape, that is, where the intercourse charged was with a female under the age of consent. Practically all of our previous cases involving this proposition were reviewed in the Hoaglin case, and this court, in that case, laid down the rule that "the charge of statutory rape includes assault with intent to commit rape, assault and battery, and simple assault." That case laid down the further rule that, in cases of statutory rape it is not necessary that the court instruct as to the included offenses of assault and battery and simple assault, where the evidence is such that, if the defendant had been charged solely with the crime of assault and battery or simple assault, a conviction of either of these offenses could not be sustained. Whether the court in the case at bar erred in failing to instruct the jury as to the included offenses of assault and battery and simple assault depends, therefore, upon whether the evidence

in this case is such that, if the appellant had been charged only with either of these offenses, a conviction could be sustained. We have read all the evidence having reference to this phase of the case and have reached the conclusion that it is insufficient to support the charge of either assault and battery or simple assault, if such charges only had been made without any reference to rape or attempted rape. In State v. Blair, 209 Iowa 229, 223 N. W. 554, which was decided subsequent to the Hoaglin case, and in which the rule announced in the Hoaglin case, in regard to instructing as to the included offenses in a charge of statutory rape, was followed, we held that the record showed that whatever was done by the defendant was with the consent of the prosecutrix and that the evidence did not justify the submission to the jury of either assault or assault and battery. See, also, State v. Roby, 194 Iowa 1032, 188 N. W. 709; State v. Herrington, 147 Iowa 636, 126 N. W. 772; State v. Stevens, 133 Iowa 684, 110 N. W. 1037; State v. King, 117 Iowa 484, 91 N. W. 768.

██ VIII. It is urged that counsel for the state, upon the trial of the case, was guilty of conduct before the jury which was prejudicial to the defendant, and that, for this reason, the defendant is entitled to a new trial. The misconduct complained of is that the county attorney, in cross-examining the defendant, persisted in a course of inquiry as to whether the defendant would object to his wife testifying as a witness, and that he also, in the course of his cross-examination, referred to the defendant as a sexual pervert. We have examined not only the abstract but the transcript of the evidence as to just what occurred, and we are of the opinion that, under the circumstances as they appear in the record, the conduct of the county attorney of which complaint is made cannot be said to have resulted in prejudice to the defendant. We are not at all satisfied that the duties of his position justified the county attorney in conducting the line of inquiries with which we are concerned. The defendant had the right to object to any testimony by his wife in behalf of the state, but, in the exercise of this right, he should not be put in a position from which prejudice is likely to result. While we think the county attorney went beyond any reasonable requirement of the state's case, on the other hand, we are satisfied that no prejudice resulted from what occurred. No objection was made to the county attorney's question as to whether defendant would allow his wife to testify until the defendant's attorney ob-

jected that this was not a proper line of inquiry, at which time the court promptly sustained the objection, and no objection or claim of prejudice was made at the time in regard to the use by the county attorney of the term "sexual pervert". We may say that this term was used in response to a question of the court as to what the state expected to prove by the line of inquiry then being conducted. No claim of prejudice was made at the time that the objectionable matters now complained of were being inquired into, and no mention of these matters appears in the motion for a new trial. We are inclined to believe that the entire matter was not considered of very serious consequence at the time it occurred, and that the gravity with which it is now attempted to impress it was largely the result of later consideration.

IX. The jury returned a verdict finding the defendant guilty of rape, and he was sentenced by the trial court to be imprisoned for the term of forty years in the penitentiary at Fort Madison. Appellant claims that the verdict rendered was the result of passion and prejudice, and that the sentence is excessive. We think there was ample evidence to warrant the verdict which was returned by the jury, and, this being the case, we do not think that this court can say that the sentence imposed was excessive. If the defendant was guilty of the crime with which he was charged, and the jury so found, we see nothing in the way of extenuating circumstances which would make it our duty to lessen the penalty imposed by the trial court.

Other errors which were alleged as grounds of reversal have been considered in connection with those already discussed, and it is not necessary that we direct our attention to each of them specifically.

For the reasons stated, the verdict and judgment of the trial court is hereby affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, PARSONS, and RICHARDS, JJ., concur.