STATE of Iowa, Appellee,

v.

Robert ANDERSON, Appellant.

No. 56895.

Supreme Court of Iowa.

Oct. 16, 1974.

Donald J. Hemphill, Spencer, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and Ronald R. Barrick, Co. Atty., for appellee.

Heard before MOORE, C. J., and REES, UHLENHOPP, HARRIS and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of the trial court's submitting the offense of assault with intent to commit rape for jury determination.

The Clay County Attorney charged defendant Robert Anderson, age 22, with statutory rape. Code 1973, § 698.1. According to the State's evidence, defendant and two friends, Raymond and Marvin Hollander, were riding around in a car and picked up two girls, Gayla Lou and Penny Handy, ages 13 and 15 respectively. Gayla Lou had previously roller-skated with defendant and was not afraid to accept a ride with him. The group subsequently picked up a third girl, Jeanette Nicholas, age 12.

Raymond Hollander suggested that the group go to the defendant's mobile home, which they did. They played cards in the living room there.

Gayla Lou testified she wanted to see the rest of the mobile home and defendant showed her around. They then went to the back bedroom, where defendant and Gayla Lou took off their clothing and lay on the bed. According to Gayla Lou's testimony, she and defendant then had sexual intercourse at her suggestion. She testified further:

> I knew what sexual intercourse was from my sex education classes in school, and I guess that's why I wanted to do it. It was my idea. I didn't tell my mother or anyone else about what happened, but she found out two or three weeks later.

After the alleged intercourse between Gayla Lou and defendant, Jeanette Nicholas came into the bedroom and lay on the bed with the other two. Defendant attempted unsuccessfully to have sexual intercourse with her.

Defendant did not offer any evidence.

The trial court submitted to the jury the principal charge of statutory rape of a female child under 16 and also, over defendant's objection, the lesser offense of assault with intent to rape. Code 1973, § 698.4. The jury convicted defendant of the lesser offense. The trial court sentenced him to five years and he appealed.

■ Preliminarily, we note that under our decisions, as under the decisions generally, " 'a man who commits an overt act upon the person of a female under the age of consent, which would amount to an assault with intent to rape, is guilty of such offense even though the female consents to such act. Since the child cannot consent to the crime of rape, she equally cannot consent to an assault with the intent to commit rape.' " State v. McDaniel, 204 N.W.2d 627, 629 (Iowa) (quoting 65 Am.Jur.2d Rape § 23 at 773). See State v. Pilcher, 158 N.W.2d

631 (Iowa); State v. Hoel, 238 Iowa 130, 25 N.W.2d 853; State v. Western, 210 Iowa 745, 231 N.W. 657; State v. Hoaglin, 207 Iowa 744, 223 N.W. 548; State v. Roby, 194 Iowa 1032, 188 N.W. 709; State v. Scroggs, 123 Iowa 649, 96 N.W. 723. See also 75 C.J.S. Rape § 28 at 493 ("it is the rule established by the decided preponderance of the authorities and by sound reason that there may be an assault with intent to rape on a consenting female where she is under the age of consent, on the ground that in law she cannot consent to such an assault").

Defendant argues three principal contentions: (1) no such crime exists as "assault with intent to commit rape upon a female child under sixteen years of age," (2) the evidence here does not support submission of such crime to the jury, and (3) such crime is not legally included in a charge of rape.

■ I. *Does the Crime Exist?* The crime of rape is defined in § 698.1 of the Code as forcibly having carnal knowledge of a female or carnally knowing a female under 16 years of age or under 17 if the defendant is over 25 (the latter crimes with underage females being commonly called statutory rape). Section 698.4 provides, "If any person assault a female with intent to commit a rape, he shall be imprisoned. . . ." Contrary to defendant's present argument, the rule of this court is that § 698.4 creates not only a crime of assault with intent to commit forcible rape but also assault with intent to commit statutory rape. State v. Hoel, 238 Iowa 130, 25 N.W.2d 853; State v. Blair, 209 Iowa 229, 223 N.W. 554; State v. Hoaglin, 207 Iowa 744, 223 N.W. 548; State v. Roby, 194 Iowa 1032, 188 N.W. 709; State v. Johnson, 133 Iowa 38, 110 N.W. 170; State v. Carnagy, 106 Iowa 483, 76 N.W. 805.

■ As to such crime, the trial court instructed in terms of assault with intent to commit rape "upon a female child under sixteen years of age." This was proper; the State had to prove the girl was under 16 or the crime in question could not have been committed since she admittedly con-

sented. We do not find merit in defendant's first contention.

■ II. *Does the Evidence Support Submission of the Crime?* Defendant readily admits that the evidence supports submission of the charge of rape to the jury but argues it does not support submission of the charge of assault with intent to commit rape. He says the case is rape or nothing, for the girl testified that sexual intercourse was actually accomplished.

Defendant did not take the stand and admit that he had sexual intercourse with the girl. Cf. State v. Holoubek, 246 Iowa 109, 66 N.W.2d 861. That alleged fact was in issue before the jury and depended upon acceptance of the girl's testimony that intercourse did occur. The rule of this court in such situations is stated thus in State v. Vochoski, 170 Iowa 246, 252, 150 N.W. 53, 55:

> The verdict was for assault with intent to commit rape. It is urged first that there is no basis in the evidence for this verdict, and that, under the evidence of the prosecutrix, the defendants were guilty of rape, or were not guilty at all. As the evidence was sufficient to prove rape, it was necessarily sufficient to prove the assault and the intent to commit. That the jury may have had a reasonable doubt as to whether the rape was actually accomplished under the circumstances shown, and yet have had no reasonable doubt that there was an intent and attempt to accomplish it, involves no necessary inconsistency.

See State v. Christopher, 167 Iowa 109, 149 N.W. 40 (charge of statutory rape, girl testified to intercourse with consent, defendant denied intercourse, assault with intent to commit rape held properly submitted); State v. Blair, 209 Iowa 229, 223 N.W. 554; State v. Hoel, 238 Iowa 130, 25 N.W.2d 853. See also State v. Pilcher, 158 N.W.2d 631, second appeal 171 N.W.2d 251 (Iowa) (jury may disbelieve part of evidence though such evidence is strong). We hold that defendant's second contention is not meritorious.

**III.** *Does a Statutory Rape Charge Legally Include Assault with Intent to Rape?* As to defendant's third contention, the rule is firmly embedded in Iowa law that assault with intent to commit rape is legally included in a charge of forcible or statutory rape. State v. King, 117 Iowa 484, 91 N.W. 768; State v. Hoaglin, 207 Iowa 744, 223 N.W. 548; State v. Blair, 209 Iowa 229, 223 N.W. 554; State v. Swolley, 215 Iowa 623, 244 N.W. 844 (same rule where statutory rape on imbecile); State v. Brown, 216 Iowa 538, 245 N.W. 306; State v. Ingram, 219 Iowa 501, 258 N.W. 186; State v. Griffith, 241 Iowa 1328, 45 N.W.2d 155; State v. Kramer, 252 Iowa 916, 109 N.W.2d 18; State v. Young, 172 N.W.2d 128, 130 (Iowa) ("The trial court instructed the jury: 'Under the law of this State, where a person is on trial under an information charging him with statutory rape, such a charge includes not only the offense of rape, but also the lesser and included offense of assault with intent to commit rape. . . .' The instruction is a correct statement of the law. . . ."). This court thoroughly considered the question in State v. Hoaglin, supra, and has since adhered to Hoaglin in the decisions we have cited. We thus hold against defendant on his third contention.

We find no error.

Affirmed.