OF THE

## STATE OF IOWA

AT

## DES MOINES, SEPTEMBER TERM, A. D. 1904,

AND IN THE FIFTY-EIGHTH YEAR OF THE STATE.

---

STATE OF IOWA v. FRANK DUFFY, Appellant.

**Robbery:** INSTRUCTIONS: WEIGHT TO BE GIVEN EVIDENCE. In the absence of a request, or a state of facts rendering it important, failure to instruct as to the weight to be given the testimony is not error.

**Instructions:** INCLUDED OFFENSES. Where an indictment for robbery charged that defendant struck and wounded the prosecutrix, failure to instruct as to the included offense of assault and battery was error.

**Same.** In a prosecution for robbery, where the evidence would permit a finding of assault with intent to rob, failure to instruct in relation thereto was error.

*Appeal from Fayette District Court.*— HON. L. E. FELLOWS, Judge.

FRIDAY, SEPTEMBER 23, 1904.

DEFENDANT was tried on an indictment for robbery, and was convicted, and sentenced to imprisonment in the penitentiary at hard labor for the term of fifteen years, and from this sentence he appeals.—*Reversed.*

*Tom. H. Milner,* for appellant.

*Chas. W. Mullan,* Atty. Gen., and *Lawrence De Graff,* Asst. Atty. Gen., for the State.

McCLAIN, J.—There was competent evidence that defendant, while armed with a dangerous weapon, struck the prosecutor, and with force and violence stole and took from his person property of value, and therefore the verdict was supported by the evidence, and the trial court did not err in refusing to set it aside. We find no error in the rulings as to the admission of evidence.

Complaint is made that no instruction was given as to the weight to be given to the testimony of witnesses, but none was asked, and we see nothing in the record to indicate that any prejudice resulted from the failure to give such instruction. The jury may certainly be depended upon, without instructions from the court, to apply the ordinary rules as to the weight and credit to be given to the testimony of witnesses. In the absence of any request for such an instruction, or any state of facts rendering it peculiarly important that such an instruction be given, we are not inclined to reverse for failure to instruct on this question.

1. INSTRUCTIONS: weight to be given evidence.

It is objected, however, that the court should have instructed the jury with reference to assault and battery as an included crime. The jury was instructed as to larceny from the person and as to assault, but the indictment charges that the defendant

2. INSTRUCTIONS: included offenses.

struck and wounded the prosecutor, and it is therefore plain that the instruction as to the included crime of assault and battery should have been given.

The court also failed to instruct as to the crime of assault with intent to rob. See Code, section 4770. This was a very important matter, however, and the jury might well have found, under the evidence, that there **3. Same.** was an assault with intent to rob, but that no robbery was actually committed. There was no instruction authorizing a conviction of anything more than a simple assault in case the jury should find that no money or other property was taken from the person of the prosecutor.

For errors of the lower court in failing to instruct as to the included crimes of assault with intent to rob and assault and battery, the judgment is reversed, and the case remanded for a new trial.—Reversed.