STATE OF IOWA, Appellee, v. OTTO H. STRAUB, Appellant.

**ASSAULT AND BATTERY:** **Self-Defense—Assumption of Fact.** A defendant who admits that he struck the prosecuting witness, but pleads self-defense, is prejudiced by an instruction which tells the jury that defendant "admits that he committed an assault and assault and battery on the prosecuting witness." Correct instructions as to the law of self-defense will not cure the error.

**EVIDENCE:** **Opinion—How Wound Was Made.** A witness may not testify that different wounds on the same person might have been made by *one* stroke of a named weapon.

*Appeal from Clay District Court.*—JAMES DE LAND, Judge.

### JANUARY 18, 1921.

DEFENDANT was convicted of the crime of assault with intent to inflict great bodily injury, and appeals.—*Reversed and remanded.*

*Heald & Cook,* for appellant.

*Wilson Cornwall* and *F. F. Faville,* for appellee.

ARTHUR, J.—L. D. Thompson, Jr., prosecuting witness, wa a tenant on the farm of defendant, O. H. Straub. Straub went to the farm to see about threshing, and Straub and Thompson had some angry words, and a personal encounter ensued.

We do not have occasion to discuss the evidence, except, perhaps, to observe that, in the encounter, Straub struck Thompson with a club, and Thompson struck Straub with an endgate rod of a wagon. Each man claims that the other was the aggressor. Straub claimed on the trial that his striking Thompson was in self-defense.

Error is assigned against certain instructions of the court to the jury.

In Instruction 6, the court defines an assault as follows:

"An assault is an attempt to apply unlawful physical force to the person of another, coupled with the apparent present ability to execute the attempt."

In Instruction 7, the court says:

"In this case the defendant has admitted upon the witness stand that he did commit an assault upon the witness L. D. Thompson by striking him."

In Instruction 10, the court defined assault and battery as follows:

"An assault and battery may be defined as the unpermitted and unlawful application of physical force to the person of another in a rude and insolent manner, or with a desire to do physical harm."

He followed such definition by saying:

"In this case the admissions of the defendant upon the witness stand show that he did, in fact, commit an assault and battery upon the witness L. D. Thompson."

It will be observed that the court defined an assault in Instruction 6, giving a correct definition, but followed such definition, in Instruction 7, with a statement to the jury that "defendant has admitted upon the witness stand that he did commit an assault upon the witness L. D. Thompson."

Also, in Instruction 10, the court properly defined an assault and battery, but followed such definition with the statement that "admissions of the defendant upon the witness stand show that he did, in fact, commit an assault and battery upon the witness L. D. Thompson."

The court defines an assault as being an unlawful act, and defines assault and battery as being an unlawful act, in both instances, and most properly; but tells the jury that the defendant has admitted that he committed an assault, thereby, in effect, telling the jury that the defendant, in the first instance, is guilty of the crime. The court afterwards properly and fully instructs the jury on the defense of self-defense. But we fear that such instructions do not cure the errors in the foregoing instructions. Undoubtedly, the court had in mind the correct theory of presenting these questions to the jury. But we think

he was most unfortunate in the language used, and that the instruction wherein it was stated that the defendant admitted that he did commit an assault and did commit an assault and battery (Instructions 7 and 10), although followed by instructions properly defining defendant's right and privilege in striking an assailant in defense of his own person, were prejudicial to the defendant. Straub admitted the striking, and the court thereupon instructed the jury, in effect, that such striking was unlawful. Whether such striking was unlawful or not depended upon whether the blow was unjustifiable, because it was not given in self-defense, or whether it was justifiable, as given in self-defense. If a blow is given in self-defense, it is justifiable, and it is not unlawful, and it does not have the character of and is not an assault. A blow given in self-defense, if it is in fact given in self-defense, carries with it its own justification, and does not have the character of an assault; for it takes an unjustifiable blow to be an unlawful blow, and, consequently, an assault. The effect of the element of self-defense is not to remove the unlawfulness of the defendant's act in striking, but rather to negative the unlawfulness of the blow, and to prevent the blow from, in the first instance or at any time, being an unlawful blow. In no case is a blow given in self-defense an assault or an assault and battery, and in no case is it unlawful. On account of the errors in the instructions discussed, the case must be reversed.

Assignments of error are laid against other instructions, which we have carefully examined; but we find no error in them.

Defendant also claims that the verdict is not sustained by sufficient evidence. We have examined the evidence carefully, and conclude that the evidence was entirely sufficient to support the verdict. In fact, we regret to be obliged to disturb the verdict.

Defendant assigns as error the exclusion of the offered testimony of Dr. Collester to the effect that certain wounds upon the head and shoulder of Straub, which the doctor examined,

2. EVIDENCE: opinion: how wound was made.

might have been caused by a single stroke from an endgate rod of a lumber wagon. The question propounded was:

"Now, what do you say as to whether or not the wounds

were in such a position, the two wounds I have mentioned, the one on the shoulder and the one on the head, that they might have been caused by the same stroke from an instrument similar to an endgate rod on a lumber wagon?''

The objection sustained was:

''That is objected to as not a proper subject of expert testimony, and calling for the opinion and conclusion of the witness on a matter that inheres in the verdict of the jury, and for it to determine. The witness, as a physician, cannot be called upon to tell whether an endgate rod can cause two wounds at one time, any more than a wagon maker or a lumberman.''

The question called for the opinion of the witness, not as to what might have caused the wound, but as to whether two wounds might have been caused by the same blow. The objection interposed was apt, and the ruling of the court correct.

Because of errors pointed out in the instructions, we are constrained to reverse this case and remand it for retrial.— *Reversed and remanded.*

EVANS, C. J., WEAVER and STEVENS, JJ., concur.

FAVILLE, J., took no part.