STATE OF IOWA, Appellee, v. MERLE BUCHAN, Appellant.

No. 42683.

December 11, 1934.

Roy L. Pell, for appellant.

Edward L. O'Connor, Attorney-general, Walter F. Maley, Assistant Attorney-general, and J. W. Pattie, County Attorney, for appellee.

Albert, J.—The principal contention of the defendant is that the court failed to give an instruction on assault and battery as an included offense. From the evidence in the case the jury could have found that the defendant put his arm around the neck of the prosecuting witness and choked him until he became dazed or unconscious, and that in the mêlée the prosecuting witness received a cut over the eye from which there was bleeding. This is sufficient evidence to take to the jury the question of assault and battery. The court in its instructions submitted to the jury, as included offenses in the charge of robbery, (1) larceny from the person; (2) larceny; (3) assault with intent to rob; and (4) assault.

We have held in State v. Duffy, 124 Iowa 705, 100 N. W. 796, that in a charge for robbery an instruction on the included crime of assault and battery should have been given. See further on this same subject, State v. Becker, 159 Iowa 72, 140 N. W. 201; also, State v. Ockij, 165 Iowa 237, 145 N. W. 486; State v. Desmond, 109 Iowa 72, 80 N. W. 214; and for elaboration on the theory of included offense, see State v. Marshall, 206 Iowa 373, 220 N. W. 106.

The state seeks to meet the contention of the defendant by asserting the doctrine many times announced in this state, to wit, that, if there is no evidence from which the jury could find the defendant guilty of the included offense, such included offense need not be submitted. The first case announcing this doctrine was State v. Kyne, 86 Iowa 616, 53 N. W. 420, and numerous cases followed the same, and the doctrine was recognized and affirmed in State v. Marshall, supra. The trouble with this contention is that the record in the case before us shows sufficient evidence on which a jury might

return a verdict of assault and battery. The state further relies on State v. Smith, 215 Iowa 374, 245 N. W. 309. In that case the defendant was charged with assault with intent to commit murder, and was convicted of that crime. The court, after instructing on the crime as charged, gave an instruction on the included offense of assault with intent to commit manslaughter, which was considered a crime of lower degree than that for which the defendant was indicted, but failed to give any instruction below assault with intent to commit manslaughter, and this was the error complained of. The substance of the holding in the Smith case is that, the court having instructed on assault with intent to commit manslaughter as an included offense, and thus having given the jury the opportunity to find the defendant guilty of a crime a degree lower than the one under the indictment, and the jury having found him guilty as charged, then it reasonably follows that it was not prejudicial error to fail to instruct on included offenses lower than assault with intent to commit manslaughter.

It is our conclusion that the court erred in not giving an instruction on the included offense of assault and battery, because the indictment charged the crime was committed with force and violence and the evidence in the case is such that the jury could have found the defendant guilty of assault and battery. For the error pointed out, the case is reversed.—Reversed.

MITCHELL, C. J., and KINDIG, KINTZINGER, DONEGAN, and EVANS, JJ., concur.