STATE OF IOWA, appellee, v. DONALD LEE YANDA, appellant.

No. 52055.

NOVEMBER 15, 1966.

Ted V. Ruffin and R. Fred Dumbaugh, both of Cedar Rapids, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett and Ronald Riley, Assistant Attorneys General, and Jack M. Fulton, of Cedar Rapids, County Attorney, for appellee.

RAWLINGS, J.— By county attorney's information defendant was accused of robbery, entered a plea of not guilty, was tried, found guilty of the crime charged, and appealed.

The trial court gave appropriate instructions to the jury on robbery, larceny from the person, assault with intent to rob and assault.

Defendant now contends the court erred to his prejudice in failing to submit an instruction on assault and battery. Testifying in his own behalf defendant admitted beating the prosecuting witness but the cause, reason or purpose is disputed. Under these circumstances the trial court should have given an instruction on assault and battery. Section 785.6, Code, 1962; State v. Buchan, 219 Iowa 106, 107, 257 N.W. 586; State v. Warneke, 219 Iowa 1239, 1243, 260 N.W. 667; and State v. Becker, 159 Iowa 72, 78, 140 N.W. 201.

So the problem here presented is whether failure to give such an instruction constituted prejudicial error.

I. Section 694.1, Code, 1962, provides a penalty for assault or assault and battery, the punishment for each being the same.

And in State v. Straub, 190 Iowa 800, 801, 180 N.W. 869, these offenses were defined substantially as follows: (1) an assault is an attempt to apply unlawful physical force to the person of another, coupled with the apparent present ability to execute the attempt; and (2) an assault and battery is the unpermitted and unlawful application of physical force to the person of another in a rude and insolent manner or with a desire to do physical harm.

It is at once apparent these two offenses are separate and distinct but nevertheless related.

Assault is but the initial stage of an act which is aggravated by a battery. Stated otherwise a battery necessarily includes an assault, the latter inhering in the former. 6 C. J. S., Assault and Battery, section 57, pages 913–915; 6 Am. Jur.2d, Assault and Battery, section 7, page 13; and Underhill's Criminal Evidence, Fifth Ed., Volume 3, section 684, page 1625.

II. Turning now to the factual situation in the case at hand we are satisfied the absence of any prejudice becomes apparent where, as here, the court has instructed not only on robbery, but also on three included offenses, two of which were of a more serious nature than assault and battery, and the jury has found defendant guilty of the offense charged.

If the jury had found from the evidence defendant committed a criminal act less serious than robbery, it could have returned a verdict accordingly under the instructions given. It did not do so.

This serves to make State v. Ockij, 165 Iowa 237, 145 N.W. 486, and other cases of a like nature readily distinguishable.

We have held and again hold that where, as here, a jury finds an accused guilty of robbery, being the offense charged, and the court has properly instructed on two or more included offenses, no prejudice results from failure to submit the offense of assault and battery. State v. Rutledge, 243 Iowa 179, 194, 47 N.W.2d 251; State v. Crutcher, 231 Iowa 418, 421, 1 N.W.2d 195; and State v. Leete, 187 Iowa 305, 308, 174 N.W. 253.

Finding no reversible error the judgment must be affirmed. —Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.