**STATE of Iowa, Appellee,**

v.

**Michael Harrison YOUNG, Appellant.**

**No. 53520.**

Supreme Court of Iowa.

Nov. 12, 1969.

Victor N. Kennedy, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., Roger F. Peterson, Black Hawk County Atty., for appellee.

STUART, Justice.

Defendant, 19, was convicted of the stattory rape of a 14 year old girl in violation of section 698.1, 1966 Code of Iowa. He was sentenced to 20 years imprisonment in the Men's Reformatory at Anamosa. He has appealed alleging the court erred (1) in overruling defendant's motion for directed verdict based on the insufficiency of the evidence; (2) in permitting the state to amend the information to conform to the proof; (3) in failing to submit assault and battery as an included offense; (4) in improperly instructing the jury; (5) in imposing excessive punishment. He also claims he did not receive a fair trial under all the record.

I. In determining the sufficiency of the evidence to raise a jury question of defendant's guilt, we view the evidence in the light most favorable to the state. State v. Horrell, Iowa, 151 N.W.2d 526, 528. When we do so, we find abundant evidence to support the verdict of guilty.

On the evening of June 22, 1968 defendant and several other boys and girls were in Hummels' Cafe in Waterloo. Bill Smith offered to get the boys some work if they would get him "a woman" for the evening. Defendant said he knew "a woman". The boys sent the girls to Linda Hart's apartment and went to the home of Ila Foster, age 14. They took her to Linda Hart's apartment.

She testified she went into the bedroom with defendant. He took off her clothes and had intercourse with her. Afterwards, she had intercourse with Rush Cleveland, Herbie Kern and Bill Smith. She spent the night in the apartment and went home when her sister came after her the next day.

Barbara Jean Guitar, 14, who was at the restaurant and the apartment testified: "I remember Mike Young and Ila Foster going into the bedroom of that apartment and staying in there for a while. After he came out, Herbie went in. Ila Foster didn't come out. After Herbie went in, then Bill Smith went in, and then Rush Cleveland went in. During the time these young men were going in and out of the bedroom, Ila Foster was in the bedroom, as far as I know. When Ila came out of the bedroom, her pants were insideout. We stayed at the apartment through the night and left the next day before noon."

Linda Hart testified defendant talked to Ila for about twenty minutes in the apartment, then they went into the bedroom and shut the door.

Ila's mother testified Ila told her what had happened when she returned home the next morning. The mother didn't go to the police because she thought they would take the children away from her.

Ila's sister, Carol, testified Ila told her what had happened bit by bit over a two day period.

Although there are many inconsistencies in the evidence, they are for the jury's consideration in determining the credibility of the witnesses. There was an abundance of evidence to sustain the conviction of statutory rape.

II. The county attorney's information alleged the rape occurred on June 15, 1968. Evidence disclosed the correct date was June 22, 1968. At the close of its evidence, the state requested permission to amend the date of the crime shown in the information to conform to the proof. The request was granted over defendant's objection.

Under section 769.12 an information may be amended in the same manner and to the same extent as an indictment. Section 773.43 states: "The court may, on motion of the state, and before or during the trial, order the indictment so amended as to correct errors or omissions in matters of form or substance."

"It is well settled in this state that the date or dates fixed in the indictment for the commission of a crime are not material, and that a conviction can be returned upon any date within the statute of limitations, if there is no fatal variance between the allegations of the indictment and the proof offered. (Citations)." State v. Hardesty, Iowa, 153 N.W.2d 464, 471. We have held an indictment may be amended to conform to the proof. State v. Luce, 194 Iowa 1306, 1308, 191 N.W. 64, 65.

Defendant concedes his position is contrary to the law of Iowa and other jurisdictions but claims he was deprived of an elementary right because he was prepared to prove the apartment where the rape was alleged to have occurred was not occupied by Linda Hart on June 15, 1968. While it must have been disappointing to see this defense evaporate when the date was corrected, the state is not bound to an incor-

rect date because defendant could have shown the crime could not have occurred on the original date.

The situation might have been different if defendant could have established an alibi for the 22nd of June and had no opportunity to do so because of the belated amendment. No such claim is made. In any event his remedy then would have been to seek a continuance under section 773.47.

The trial court did not err in permitting amendment of the information to conform to the proof.

■ III. Defendant claims the court erred in failing to submit assault and battery and assault as lesser included offenses. We need not decide whether the evidence here would have justified the submission of either of these charges because assault with intent to commit rape was submitted as a lesser included offense and defendant was found guilty of the crime charged. "Since a choice was given to select a lesser offense than that charged and the jury refused to do so, we conclude there was no prejudice in the failure to submit still lesser offenses, and there was no merit in this assignment." State v. Clough, 259 Iowa 1351, 1361, 147 N.W.2d 847, 853–854; State v. Yanda, 259 Iowa 970, 971–972, 146 N.W.2d 255, 256.

■ IV. The trial court instructed the jury: "Under the law of this State, where a person is on trial under an information charging him with statutory rape, such a charge includes not only the offense of rape, but also the lesser and included offense of assault with intent to commit rape.

"The defendant's plea of not guilty is not only a denial of the crime of rape as charged in the information, but is also a denial of guilt of the included offense set forth above.

"You should acquit the defendant of any and all offenses of which you have any reasonable doubt as to his guilt.

"You should convict the defendant, if at all, of the highest degree of offense submitted in these instructions of which you are satisfied beyond a reasonable doubt he is guilty."

Defendant claims the last paragraph "shifts the burden of a reasonable doubt from the state to defendant" contrary to section 785.4 which provides: "Where there is a reasonable doubt of the degree of the offense of which the defendant is proven guilty, he shall only be convicted of the lower degree."

The instruction is a correct statement of the law and the last two paragraphs, in order to balance the instruction, do nothing more than to paraphrase section 785.4. We find no reversible error. See State v. Ingram, 219 Iowa 501, 505, 258 N.W. 186, 188.

■ V. Defendant was sentenced to 20 years in the Men's Reformatory in Anamosa. He claims the sentence was excessive under the circumstances and asks us to reduce it under the authority given us by section 793.18.

Defendant relies primarily upon a comparison of the sentence he received with that received by the other three boys who were involved in the same incident. Rush Cleveland pleaded guilty to rape and was sentenced to 5 years at the Men's Reformatory at Anamosa. Herbie Kern pleaded guilty to lascivious acts with a child. His sentence to 3 years at Anamosa was suspended during good behavior. The charge against Bill Smith was dismissed. We were told in oral argument he pleaded guilty to an unrelated charge of bigamy and was sentenced thereunder.

The measure of punishment meted out to a defendant lies within the trial court's discretion and we will not interfere with a sentence unless such discretion has clearly been abused. State v. Patterson, Iowa, 161 N.W.2d 736, 737. The trial court should weigh and consider "all pertinent matters in determining proper sentence, including

the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual." State v. Cupples, Iowa, 152 N.W.2d 277, 280.

The trial court had defendant before him. He received a presentence investigation report which is not part of this record. It was made available to defendant and his counsel.

Under section 698.1 defendant could have been sentenced from 5 years to life. In his statement to defendant the trial court stressed the jurisdiction of the parole board and the fact that the time actually served by defendant, in a large measure, depended upon his future conduct. Although the sentence is much greater than that imposed on any of the other boys, the record indicates defendant was responsible for involving the young girl. It may also have been based on defendant's attitude displayed at trial or matters contained in the presentence report. We cannot under the record before us say the trial court abused its discretion in the sentence imposed.

VI. Defendant claims all matters considered he did not receive a full, fair and impartial trial and that we should review the record as required by section 793.18 and reverse the trial court. He cites State v. Beckwith, 243 Iowa 741, 850, 53 N.W.2d 867, 872, which restates the rule announced in Trulock v. State, 1 Iowa 515, 521, in the following language: " * * * while no one error assigned may be sufficient to warrant a reversal, all considered together may be such as to show that the defendant has not had that full, fair, and impartial trial which is secured to him by law and without which no man should suffer its penalty."

In accordance with section 793.18 we have disregarded all technical errors or defects which do not affect the substantial rights of the parties and conclude defendant received a fair trial.

Finding no reversible errors, we affirm the trial court.

Affirmed.

All Justices concur.