STATE of Iowa, Appellee,

v.

Keith C. ADAMS, Appellant.

No. 87–1442.

Supreme Court of Iowa.

Feb. 22, 1989.

Raymond E. Rogers, Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., William E. Davis, County Atty. and Marc Gellerman, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and SNELL, JJ.

HARRIS, Justice.

Defendant appeals his conviction of indecent exposure in violation of Iowa Code section 709.9 (1987). The court of appeals rejected his contention that the evidence did not support a jury verdict. Because we find merit in the contention we vacate the decision of the court of appeals and reverse and remand.

The case is somewhat unusual in that the parties do not seriously dispute the facts or the law. The dispute arises over how well-settled law should be applied to two separate events which occurred on successive days.

On April 14, 1987, a fourteen-year-old girl was walking to a school bus stop when she heard someone whistling to get her attention. She looked up and saw a man exposing himself in an apartment window. She could never identify the man (except to say he was black) because his face was hidden. When she got to school she reported the incident to her counselor who called the police.

The next morning, April 15, a police officer was stationed near the bus stop. As the girl walked to the stop the officer saw a man in the same window exposing himself for approximately two to three minutes. The officer was looking through binoculars but could not identify the man because his face was hidden. This time the girl did not see the man. The officer got support and went to the apartment where the window was located. The apartment proved to be the one where Adams lived. Adams was there wearing only a robe. He matched the build of the man the officer had seen in the window. Adams denied he intentionally exposed himself but said he might have done so inadvertently while opening the blinds.

I. When reviewing the sufficiency of evidence in an appeal from a criminal conviction we view it in the light most favorable to the State and accord the prosecution all legitimate inferences and presump-

tions. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). It is necessary to consider all of the evidence and not just the evidence supporting the verdict. We are bound to uphold a jury verdict unless the record lacks substantial evidence to support it. *Id.* Substantial evidence means evidence which would convince a rational trier of fact beyond a reasonable doubt that the defendant is guilty of the crime charged. *Id.*

Although we sometimes list them as three, there are actually four [1] elements to the crime of indecent exposure under section 709.9:

　　1. The exposure of genitals or pubes to someone other than a spouse, or, in the alternative, the commission of a sex act in the presence or view of a third person;

　　2. That the act is done to arouse the sexual desires of either party;

　　3. The viewer was offended by the conduct; and

　　4. The actor knew, or under the circumstances should have known, the victim would be offended.

*State v. Bauer,* 337 N.W.2d 209, 212 (Iowa 1983).

II. The problem in the case is that the necessary elements for the offense do not appear unless they can be derived from events which separately occurred on two different days. Although Adams was charged for the April 15 incident, an element of the offense was missing on that date. The victim did not see Adams and cannot be said to have been offended that day by his conduct. Hence the conviction cannot rest on the happenings of April 15.

The State would have us borrow the missing element from the previous day,[2] when the child obviously was offended. The State claims the events of the fourteenth can be used because a variance of one day in fixing the date is not fatal to a prosecution. It is true that a wrong date ordinarily will not invalidate a criminal

---

1. The third and fourth elements are sometimes combined as one.

2. Adams was not charged for the April 14 incident, undoubtedly because he could not be identified as the perpetrator that day.

charge which is brought within the statute of limitations. *State v. Young*, 172 N.W.2d 128, 129 (Iowa 1969). But the principle in *Young* does not mean that Adams can be charged with the April 15 incident and be convicted by elements occurring during the April 14 incident.

The *Young* principle would apply here to rescue the prosecution if it charged that an incident, with all necessary elements, occurred on the fifteenth and it in fact occurred on the fourteenth. The principle however does not serve to create a valid charge out of two separate events, a day apart, both of which were lacking in essential elements.

Because the facts presented do not support defendant's conviction it must be set aside.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.